G. B. Messer, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

385 S.W.2d 98.

(*Knoxville,* September Term, 1964.)

Opinion filed December 11, 1964.

Porter & Porter, Edward F. Hurd, Newport, for plaintiff in error.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, G. B. Messer, hereinafter referred to as defendant, was convicted of murder in the second degree. He was sentenced to serve not less than ten years nor more than ten years in the State Penitentiary.

It is uncontroverted that on the night of January 9, 1962 the defendant shot and killed one Bill Ball. The shooting occurred in the defendant's home, in which Ball together with his wife and two children were then living. Mrs. Ball has been raised by the defendant and his wife. At the time of the trial the defendant was 82 years of age. The deceased was 43 years of age when he was killed. It is the contention of the defendant that he acted in his own necessary self defense in shooting and killing the deceased.

In overruling the motion for new trial, one of the grounds of which was that the verdict of the jury was contrary to the weight of the evidence, the Trial Judge made a rather lengthy statement, in part, as follows:

"I gave the defendant a fair trial. I didn't want him turned loose and I didn't want him acquitted if he was guilty. On the other hand, I wanted to see that he got a fair trial and he did get a fair trial inasfar as the court was concerned. Mr. Messer is the kind of man that in my opinion would have told the truth as he saw it and

under the circumstances had he even known it would have sent him to the penitentiary. That is the feeling that I have for Mr. Messer and I have no doubt but that every word that he said was true as he saw it and as he understood it, however, it says here that he couldn't hear good and he did make a very bad witness and a very bad impression on the jury and too on the court. That's probably due to his inability to hear in part and so anxious about the matter, but there is proof in the record that would justify a conviction. In criminal cases when they go to the Supreme Court, of course it is going to have to show that the evidence preponderates against the verdict. I am up against a proposition here and I may get criticism from the Supreme Court. I had a case a few years ago that went from this county where a jury had convicted a man of second degree murder and when I said upon the motion for new trial that it was not second degree murder but came squarely within the definition of voluntary manslaughter but I had no authority to reduce the charge from second degree murder to voluntary manslaughter. It went to the Supreme Court and the Supreme Court did just that. In this case that he has now set out as grounds in the motion that he could not be guilty under any proof of any degree of homicide greater or higher than that of voluntary manslaughter. A trial court is up against the proposition, this proposition, in that I have either got to grant a new trial or I have got to let it go. If I think it is not second degree murder but voluntary manslaughter, I have either got to do that or got to let the defendant pay the expenses of going to the Supreme Court and letting the Supreme Court modify it or reverse it. I am going to give the Supreme Court the opportunity to criticize me for somewhat taking the

position that Pilate took Two Thousand (2000) years ago and saying all right, the jury said that it was second degree murder. I am going to let it go up there and see what the Supreme Court says about me and the jury, about both of us.''

In his remarks overruling motion for new trial, the Trial Judge further stated:

''Mr. Messer made one statement that was bad, when he admitted that he was mad and his lawyer did not overcome that. He made the statement voluntarily and without that one statement in the record I doubt if the Supreme Court would let the case stand for any offense, but with that in it he put it himself within the voluntary manslaughter rule with all of the other proof in the record. I can say this, that this is one of the most bitter pills I have ever had to swallow as a Judge, but the jury passed on it and I am going to let the Supreme Court say whether the jury and the Judge is right.''

Much more was stated by the Trial Judge indicating his belief that the evidence did not sustain the verdict of the jury finding the defendant guilty of murder in the second degree.

■ In *State v. Ferguson,* 165 Tenn. 61, 64, 52 S.W.2d 140, 141, this Court stated:

''* * * Under our practice, if the trial court is of the opinion that the verdict is not sustained by the evidence, all that he can do is to grant a new trial.''

■ In *Curran v. State,* 157 Tenn. 7, 13, 4 S.W.2d 957, 958, the duty of a Trial Judge to exercise his function as a thirteenth juror in a criminal case is stated, as follows:

''In these cases the substance of the court's holding was that, under our system, (a) the trial court exercises

the function of a thirteenth juror; (b) that he must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) 'that he must be satisfied, as well as the jury' (meaning, in a criminal case, satisfied that the defendant is guilty).

"It is true that the trial court did not disapprove of the verdict; but, upon the other hand, he did not exercise the function of a thirteenth juror, and did not pass upon the issue in the case, viz. the guilt of the defendant.

"For the reasons set forth in the foregoing cases, this court gives great weight to the findings of the trial court upon the issues involved.

"If, in a civil case, where only property rights are involved, it is incumbent upon the trial court to pass upon the issues, how much more important it is for the court to pass upon the issues in a criminal case where the life and liberty of the citizen is involved. Hence the rule requiring the trial court to approve the verdict of the jury in criminal cases."

In *Temples v. State,* 183 Tenn. 531, 539, 194 S.W.2d 332, 335, the Court pointed out that "the trial court is the forum in which the guilt or innocence of a defendant is primarily determined; and the presiding judge wields the scales of justice between the State and the defendant, and where, in his opinion, the defendant is not proved guilty, it is his duty to grant him a new trial. When the trial judge simply overrules a motion for a new trial presumably he approves the verdict, but such is not the case where he affirmatively states that he passes upon neither

the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him.''

In Temples, this Court found that there was nothing to indicate that the Trial Judge did not approve the degree of homicide of which the defendant was convicted. Therefore, in that case, the judgment of the Trial Court was affirmed.

■ Here, the Trial Judge expressly indicated that he did not approve the degree of homicide of which the defendant was convicted. Therefore, the judgment of the Trial Court is reversed and the cause is remanded for a new trial.