Danny M. Hrychochuk and Greg W. Eichelman, Morristown, for plaintiffs-appellants.

H. Scott Reams and James W. Harrison, Morristown, for defendants-appellees.

**William HATCHER and wife Marguerite Hatcher, Plaintiffs-Appellants,**

**v.**

**Terry DICKMAN and Taco John, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

May 17, 1985.

Application for Permission to Appeal Denied July 8, 1985.

## OPINION

GODDARD, Judge.

In this action by William Hatcher and wife Marguerite Hatcher, Plaintiffs-Appellants, for personal injury, property damage and loss of consortium, the Trial Court entered an order of dismissal based upon a jury verdict in favor of Terry Dickman and his employer, Taco John, Defendants-Appellees. Mr. and Mrs. Hatcher appeal, contending, and we paraphrase the issues they raise, that the Trial Court did not exercise his authority as thirteenth juror in overruling their motion for a new trial which contended that the evidence preponderated against the verdict of the jury.

The injuries to Mr. Hatcher occurred when his vehicle was struck by one being operated by Mr. Dickman at or near the intersection of Panther Springs Road and Panther Lake Drive.

The Hatchers apparently concede there is material evidence to support the verdict as no issue is raised on this point, but they do insist that the Court did not fulfill his role as thirteenth juror in response to their motion for new trial.

In the recent case of *Holden v. Rannick*, 682 S.W.2d 903, 904 (1984), the Supreme Court, speaking through Mr. Justice Brock, restated the ancient[1] and salutary doctrine as follows:

> The duty of a trial judge to act as a thirteenth juror in a civil trial in Tennessee is well established. The rule was described in *Cumberland Telephone & Telegraph Co. v. Smithwick* as follows:
>
> > "[T]his is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence; and, if he is dissatisfied with the verdict of the jury, he should set it aside."
>
> 112 Tenn. 463, 469, 79 S.W. 803, 804 (1904).
>
> Where a trial judge has simply approved the verdict without comment, an appellate court will presume that he has adequately performed his function as a thirteenth juror. *Central Truckaway System v. Waltner*, 36 Tenn.App. 202, 217, 253 S.W.2d 985, 991 (1952). If reasons are given, "this court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon." *Smithwick, supra,* 112 Tenn. at 470, 79 S.W. at 805. If a trial judge, in discharging his duty as a thirteenth juror, makes comments which indicate that he has misconceived his duty

as a thirteenth juror, an appellate court must reverse the trial judge and remand for a new trial. *See Nashville, C. & St. L.R. Co. v. Neely*, 102 Tenn. 700, 52 S.W. 167 (1899).

The Hatchers argue that upon reading the Trial Court's comments in overruling the motion, it is apparent that he did not follow the rule above set out, and that they are accordingly entitled to have a new trial at the hands of this Court.

The Trial Court's remarks at the motion hearing are brief and are copied in their entirety:

> THE COURT: Gentlemen, the Court remembers the case. It was an extremely well tried case on both sides. No question about it.
>
> The Court felt based on the answer and the proof as it developed that the Court was required under the law to charge the sudden emergency doctrine, and the Court did. The jury reported that they found no negligence as the Court recalls is basically what they said, that they found no negligence on the part of Mr. Dickman, therefore dismissed the case.
>
> Certainly it was a close question; however it was a factual question. And the Court of Appeals has told this Court and other Courts many many times when there are factual questions they go to the jury for their determination. A jury made that determination. Of course the Court as the thirteenth juror has to look at it and be satisfied in the Court's own mind that justice was done, that by a preponderance of the evidence the jury's correctness in making their finding.
>
> I had one other case in a similar posture to this over in Hawkins County. Someone left $175,000 the Court learned was the amount of money that they had been offered to settle the case. Of course the individuals left the Court Room without anything after about a four day trial.

---

1. The rule was in force as early as 1843. *England v. Burt,* 23 Tenn. 399 (1843).

Gentlemen, in this case the Court as thirteenth juror feels like that it was a factual question, that those jurors made that determination, and the Court does approve the verdict as reported by the jury. Certainly your exception is noted, and the Court of Appeals may tell the Court that I have done you wrong, Mr. Hryhorchuk. If they do, certainly....

Our reading of his remarks convinces us that contrary to the Hatchers' insistence he did recognize his duty to make an independent investigation of the facts to determine where the preponderance of the evidence lay. It is true, as they argue, that he did make reference to the question being a factual one which had been resolved by the jury. We view this as nothing more than his recognition that where material evidence is produced both in support and in opposition of a claim, the case must be submitted to the jury. We do not find from this statement that he was abdicating his responsibility. We reach this conclusion—notwithstanding the obscure reference to a Hawkins County case—because of his statement that he, as thirteenth juror, was required to look at and be satisfied that justice was done. Then, after correctly recognizing his role, he stated that "the Court does approve the verdict as reported by the jury." We are satisfied that the Court recognized his duty and fulfilled it.

In conclusion, we would point out that it is appropriate, when faced with a motion questioning the weight of the evidence in a jury trial, for the Court to state, "I have made an independent examination of the evidence presented and conclude that it preponderates in favor of the verdict of the jury and consequently overrule the motion." Or in the alternative, "I have made an independent examination of the evidence presented and conclude that it preponderates against the verdict of the jury and consequently grant a new trial."

The Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Hatchers and their surety.

PARROTT, P.J., and FRANKS, J., concur.