**STATE of Tennessee, Appellee,**

v.

**James Anthony HILL, Appellant.**

Court of Criminal Appeals of Tennessee, Nashville.

Jan. 7, 1993.

Permission to Appeal Denied by Supreme Court May 3, 1993.

Robert H. Stovall, Jr., Fayetteville, for appellant.

Charles W. Burson, Atty. Gen., and Ellen H. Pollack, Sp. Asst. Atty. Gen., Nashville, William Michael McCown, Dist. Atty. Gen. and Weakley E. Barnard, Asst. Dist. Atty. Gen., Lewisburg, for appellee.

## OPINION

BIRCH, Judge.

A Marshall County jury returned a verdict convicting James Anthony Hill, the defendant, of burglary and theft of property valued at more than $500 but less than $1000. Hill does not contest the burglary conviction. However, in regard to the theft conviction, Hill contends that the trial court erred (1) in failing to grant the defendant's motion for a judgment of acquittal and (2) in reducing the jury's finding of the value of the property to less than $500 in lieu of ordering a new trial under the thirteenth juror rule. We affirm the judgment of the trial court.

### I

The facts are, in the main, uncontroverted. The record establishes that Thomas Moore, a long-haul trucker, attended a social affair in Lewisburg on February 9, 1991. At the time, Moore carried a Holiday Inn credit card in his wallet. This card was provided by his employer for use as he travelled. When he arrived at the affair, he left his wallet in his car and locked it. After the affair, the defendant asked Moore to give him a ride home. Moore consented and drove Hill to his destination. After having dropped the defendant off, Moore discovered that the credit card was missing. He reported this to his employer and received a replacement.

On March 26, 1991, at approximately 3:30 a.m., the defendant was apprehended in the act of burglary. Officers searched the defendant and recovered from him the Holiday Inn credit card previously stolen from Moore.

At the close of the state's case-in-chief, the defendant moved for a judgment of acquittal on all charges. As to the theft charge specifically, he argued that the state had failed to introduce evidence that the credit card had value. Lack of proof in this regard, the defendant argued, entitled him to a judgment of acquittal. The trial court refused to grant the judgment of

acquittal, and the defendant proceeded to put on proof. The defendant renewed his motion for a judgment of acquittal at the close of all the proof. The trial court again refused to grant the request, and the cause was submitted to the jury.

The jury convicted Hill of theft of property of a value between $500 and $1000. The trial judge approved the conviction, but rejected the jury's conclusion as to the card's value. Instead, he entered judgment and proceeded to sentence the defendant for theft of property with value less than $500, a Class A misdemeanor, rather than for a Class E felony as the verdict indicated.

### II

Hill argues that the trial court erred in failing to grant his motion for a judgment of acquittal as to the theft of the credit card. We disagree.

■■■ In order to convict a defendant of theft,[1] the state must introduce evidence from which reasonable jurors could conclude that the accused exercised control over property without the consent of the owner. In this context, "property" is defined as "anything of value."[2] Nothing in T.C.A. § 39–14–103 which defines the offense of theft requires the state to prove the specific value of the property taken. Rather, the state merely has to introduce evidence from which a jury could conclude that the property has some value. *Baldwin v. State*, 33 Tenn. (1 Sneed) 411 (1853). In our view, the jury received ample evidence to support their conclusion that the defendant stole the credit card, an item of property with some value. Therefore, the judge's refusal to grant the defendant's motion for a judgment of acquittal is well supported by the record.

### III

Second, Hill contends that the trial judge, acting as a thirteenth juror, erred in reducing the jury's finding of the value of the credit card. He argues that since the

---

**1.** T.C.A. § 39–14–103.

**2.** T.C.A. § 39–11–106(a)(28).

judge, explicitly acting in this capacity, obviously disagreed with the jury's verdict, the only proper course of action was to order a new trial. Rule 33(f), Tenn. R.Crim.P.

■ In this novel circumstance, the defendant takes issue with the reduction of his conviction from a felony to a misdemeanor. However, the question posed is important: that is, may a trial judge who disagrees with a portion of the jury's verdict modify this portion while leaving the rest of the verdict intact? We think not.

Rule 33(f) states in pertinent part:

The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence....

Under Rule 33(f), the trial judge acting as a thirteenth juror is limited to granting a new trial. In acting under Rule 33(f), the trial judge must disagree with the jury's finding on the question of the defendant's guilt. Clearly, the trial judge cannot simply substitute his finding for the jury's on this question, in part or in whole, because such authority would negate the fundamental right to a trial by jury.

■ Although the judge characterized his action in this instance as that of a thirteenth juror, he was not, in fact, acting as a thirteenth juror. Some definitions are helpful here. Black's Law Dictionary defines "verdict" as

the formal decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court ... upon the matters or questions duly submitted to them upon the trial.

*Black's Law Dictionary,* 1559 (6th ed. 1990). A judgment of conviction consists of the plea, the verdict or findings, and the adjudication and sentence. Tenn.R.Crim.P. 32(e). Obviously, the verdict and the judgment are distinct from one another. The authority of the appellate courts to amend an erroneous judgment entered by the trial courts is well-established. *State v. Brown,* 836 S.W.2d 530 (Tenn.1992). Likewise, the trial court has the power to enter the appropriate judgment. This authority does not impinge upon or amend the verdict so long as the judgment does not subject the defendant to a conviction and sentence which exceeds the jury's determination of culpability.

■ In the instant case, the trial judge did not disagree with the jury's verdict nor did he amend it. The trial court simply entered a judgment which differed from the verdict. This issue is without merit.

In all things, the judgment of the trial court is affirmed.

JONES and SUMMERS, JJ., concur.