Richard WASIELEWSKI,
Plaintiff–Appellant,

v.

**K MART CORPORATION and John Trentham, Defendants–Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 30, 1994.

Rehearing Denied Sept. 16, 1994.

Permission to Appeal
Denied by Supreme Court
Jan. 30, 1995.

J. Mikel Dixon, Knoxville, for plaintiff-appellant.

Douglas L. Dutton and Julia S. Howard, Hodges, Doughty & Carson, Knoxville, for defendants-appellees.

## OPINION

FRANKS, Judge.

This appeal is from a judgment granting a new trial by the Trial Judge and from the

judgment resulting from the subsequent trial on this malicious prosecution action.

In the first trial a jury returned a verdict of $405,000 in compensatory damages and $600,000 in punitive damages, and the Trial Judge granted defendants' motion for a new trial. In the ensuing trial, the jury returned a verdict for $235,000 in compensatory damages and $240,000 in punitive damages and the Trial Judge granted the defendants' motion for a directed verdict on the punitive damage award, but approved the verdict for compensatory damages.

■ On appeal, the plaintiff argues the Trial Judge in the prior trial abused his discretion as a 13th juror in granting defendants' motion for a new trial. The Trial Court stated in its order that "the defendants' motion for a new trial and request the judgment of $1,500,000 in favor of the plaintiff be set aside and is hereby granted upon the ground that the Court disapproves of the verdict". But at a hearing on the motion, the Judge had said "I am extremely troubled by all these things that happened during the course of this trial ... in spite of what the Court had ruled on numerous occasions, in the hearing on the motion in limine, and during evidentiary discussions you [plaintiff's attorney] were just bound and determined some way to get this before the jury. So, I am troubled enough until I am going to exercise my authority as a 13th juror and I am going to set aside this verdict and let you gentlemen have at it one more time. So, on that ground, I grant a new trial and deny all other grounds of motion for a new trial."

We said in *Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733 (1971) that

"... our cases have consistently held the granting or denying of a new trial lies largely in the discretion of the Trial Judge. The one appealing from the Trial Judge's order granting a new trial is burdened with the showing the action of the Trial Judge was not in the exercise of his function as 13th juror, but was for some invalid reason. Before the appellate court will interfere with the Trial Judge's granting of a new trial, it must be clearly shown the action was for some untenable or unreasonable reason. The discretion permitted a Trial Judge in granting or denying a new trial is so wide that our Courts have held that he does not have to give a reason for his ruling. If he does give reasons, the Appellate Court will only look to them for the purpose of determining whether he passed upon the issue and was satisfied or dissatisfied with the verdict.... On appeal the Appellate Courts must consider all the grounds assigned below and if any one is found to justify the action of the Trial Judge in granting a new trial, such action will be affirmed even though an erroneous reason was given by the Trial Judge. It has been said that the appellate courts are more liberal in upholding the Trial Court's action in granting a new trial than they are in upholding the Trial Court's action and denying a new trial."

*Id.* 468 S.W.2d at 736. (Citations omitted).

The Trial Court's order reflects that he reviewed the record and acted as a 13th juror in granting a new trial. However, the Trial Court's comments at the motion hearing indicate that he felt plaintiff's counsel's conduct may have unfairly prejudiced the jury against the defendants. Under the atmosphere of the trial which only the Trial Judge experienced, the attorney's conduct may very well have caused the defendants undue prejudice. But the Court's order takes precedence over memoranda or comments and he clearly exercises his function as a juror in the order. *See Rogers v. Sain,* 679 S.W.2d 450 (Tenn.App.1984). Accordingly, in our deference to the Trial Court's decision to grant motions for a new trial, we affirm this action by the Trial Judge.

The plaintiff contends the Trial Judge in the second trial abused his discretion in several ways. First, he contends that the Trial Judge misapplied the standard set forth in *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896 (Tenn.1992). As a basis for the Trial Judge's decision to direct a verdict on the issue of

punitive damages, he found that the plaintiff had not established by clear and convincing evidence that either defendant had acted maliciously.

In this regard, the Trial Judge ruled

[t]he whole ability to award punitive damages must be made on the believability of this plaintiff; that is, to justify it is credible. There is more required that a preponderance of the evidence; it is clear and convincing. In light of the facts of this case, the Court holds that there was not clear and convincing proof as to that an award of punitive damages should be made.

■■■ It must be stressed that the Trial Judge in evaluating the motion for a directed verdict at that juncture was required to determine whether there was material evidence of a clear and convincing nature to support an award of punitive damages. In making that determination, he was required to take the strongest legitimate view of the plaintiff's evidence and was not acting as a thirteenth juror in weighing the evidence. From our review of the record, we conclude that there was material evidence to support an award of punitive damages.

■■■ As directed by Rule 50, T.R.C.P., where a verdict has been returned the Court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of a judgment as if the requested verdict had been directed. Where the verdict has been directed "the Court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed." While the Judge did not follow this directive, it is clear as the thirteenth juror he would have granted a new trial on the issue of punitive damages since he stated clearly in the record that he found the plaintiff not to be credible.

■■■ The Trial Judge did not abuse his discretion in denying pre-judgment interest and attorney's fees. "T.C.A. § 47–14–123 au-

thorizes the court or jury to add pre-judgment interest as an element of or in the nature of damages ... The granting of pre-judgment interest is a matter that is well within the bosom of the Court and its discretion". *Kirksey v. Overton Pub. Inc.*, 804 S.W.2d 68, 73 (Tenn.App.1990). The Trial Judge held that pre-judgment interest was inappropriate where the plaintiff's claim was for unliquidated damages sounding in tort. We find no abuse of discretion.

■■■ Similarly, there is no evidence the Trial Judge abused his discretion in denying the plaintiff an award for attorney's fees. While plaintiff submitted an affidavit as to fees, the plaintiff is recovering compensatory damages in the amount of $235,000. On this record the Trial Judge could have reasonably determined that the compensatory damages made the plaintiff whole. The Trial Court's action was within his discretion.

■■■ Finally, the defendant has appealed, insisting that the plaintiff's claim is "barred due to his admitted perjury in the underlying criminal prosecution". We cannot agree. The trier of fact heard plaintiff's explanation of his testimony in the prior trial and found in plaintiff's favor. When all of the evidence is considered in context, reasonable minds could differ on this issue. This issue was properly resolved by the jury and the Trial Judge.

We affirm the judgment of compensatory damages but reverse and remand for a new trial on the issue of punitive damages in accordance with this opinion. Costs of appeal are assessed one-half to each party.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.