STATE of Tennessee, Appellant,

v.

Warna DANKWORTH, Jeffrey Terry, and Jody Terry, Appellees.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 26, 1995.

Charles W. Burson, Attorney General &
Reporter, John B. Nisbet, III, Assistant At-
torney General, Nashville, for Appellant.

James F. Logan, Jr., Logan, Thompson, Miller, Bilbo, Thompson, & Fisher, Cleveland, for Appellee Dankworth.

William C. Donaldson, Athens, for Appellees Terry.

## OPINION

WHITE, Judge.

The state appeals pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure alleging that the trial judge acted improperly when, as the thirteenth juror, he set aside the jury verdict in this case. We have reviewed the record on appeal and relevant authorities, and, for the reasons discussed below, we affirm the judgment of the trial court and remand the case for a new trial before a different trial judge.

Appellees, Warna Dankworth, Jeffrey Terry, and Jody Terry, were convicted by a jury of the digital penetration of a person less than 13 years of age. The record before us reveals little about the actual offense.[1]

Within the requisite period after trial, appellee Dankworth filed a motion seeking "a judgment of acquittal in this cause notwithstanding the verdict of the jury." The other appellees joined the motion at the hearing.[2] The trial judge first denied the motion for judgment of acquittal. Then, sitting as thirteenth juror, the judge ruled:

> However, I have considered the evidence presented on behalf of the State and the defendants and have assessed the credibility of all of the witnesses that testified in this case on behalf of the State and the defendants. And I am of the opinion that the jury verdict is contrary to the weight

of the evidence. Accordingly, the verdict of the jury is hereby set aside.

The judge detailed the facts of the case that prompted his decision. He expressed concern over the number of persons accused by the victim, the sequence of the complaints, and the timing and frequency of the latter complaints against appellees compared to the former complaint against the victim's brother. He also was concerned about the credibility of a witness who reported to police only three of the four persons the victim had accused. The "bottom line," as the trial judge phrased it, was that the story got less believable with each additional accusation against a different person.

The trial judge clearly determined that the verdict should be reversed as a result of his assessment of the witness' credibility. He detailed the specific factors that discredited the credibility, though he was not required to do so. His order setting aside the verdict attributed the reversal to his assessment of witness credibility.

After stating his reasons for setting aside the verdict, the trial judge commented that he believed he had the "authority to go outside the record and consider things ... not in evidence to assist ... in assessing the credibility of the people that have testified...." He went on to say that he had reviewed records[3] that the jury had not seen.

We must determine whether the trial judge properly exercised his thirteenth juror obligation and set aside the jury's verdict by weighing the evidence, including the credibility of the witnesses, under Tennessee Rules

---

1. The only information is contained in remarks made by the trial judge at the hearing on appellee Dankworth's motion for judgment of acquittal. From these remarks, we are able to glean that the child had repeatedly accused her brother of having raped her by digital penetration. As a result, the brother was removed from his father's home and sent to live in another state. After his removal, the victim accused the three appellees and a fourth person, who was not included in the indictment, of the same act. Medical findings confirmed that some sexual abuse had occurred.

2. The hearing consisted solely of the trial judge's ruling on the motion.

3. The state's application for extraordinary appeal indicates that the trial court reviewed, *in camera*, files from the Department of Human Services to determine their discoverability by the defense. The application also alleges that the trial judge interviewed a case worker from the department. However, those contentions are not established by the record. The state, as the appellant, is obliged to assure that a complete record is filed. The trial judge's remarks refer only to "reports," but do not identify them.

of Criminal Procedure 33(f).[4] Pursuant to the rule, "[t]he trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." Tenn.R.Crim.P. 33(f). This so-called thirteenth juror rule, adopted in 1991, changed the holdings in *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978), *State v. Johnson,* 692 S.W.2d 412 (Tenn.1985), and *State v. Adkins,* 786 S.W.2d 642 (Tenn.1990) which had abolished the rule in criminal cases. Tenn.R.Crim.P. 33(f), Adv. Comm'n Comments.

The thirteenth juror rule had been long-standing in Tennessee. *See Curran v. State,* 157 Tenn. 7, 4 S.W.2d 957, 958 (1928) (quoting *Durant v. State,* manuscript op., filed May 2, 1925)). It was premised on the trial court's traditional functions:

> The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and the jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in [the appellate court].

*Bolin v. State,* 219 Tenn. 4, 405 S.W.2d 768, 771 (1966).

Similarly, the following justifications for the rule have been posited in civil cases:

> The reasons given for the rule are, in substance, *that the circuit judge hears the testimony, just as the jury does, sees the witnesses, and observes their demeanor upon the witness stand;* that, by [the judge's] training and experience in the weighing of testimony, and the application of legal rules thereto, [the judge] is especially qualified for the correction of any errors in to which the jury by inexperience may have fallen, whereby they have failed,

in their verdict, to reach the justice and right of the case, under the testimony and charge of the court; that, in our system, this is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. *So it is said that [the judge] must be satisfied, as well as the jury; that it is [the judge's] duty to weigh the evidence, and if [the judge] is dissatisfied with the verdict of the jury, [the judge] should set it aside.*

*McLaughlin v. Broyles,* 36 Tenn.App. 391, 255 S.W.2d 1020, 1023 (1952), *cert. denied,* (Tenn.1953) (*quoting Cumberland Telephone & Telegraph Co. v. Smithwick,* 112 Tenn. 463, 79 S.W. 803, 804 (1904) (emphasis added)).

The purpose for the thirteenth juror rule may have been stated best by the dissenting justices in one of the cases which marked its demise: it serves as a "safeguard against jury error" and it prevents a "miscarriage of justice by the jury." *State v. Johnson,* 692 S.W.2d at 415. The reasons for bestowing the authority upon the trial court lie in its ability to hear the testimony of witnesses, consider exhibits, reconcile conflicting evidence, and determine credibility. Thus, the trial court's thirteenth juror obligation was summarized as follows:

> [U]nder our system, (1) the trial court exercises the function of a thirteenth juror; (b) *that [the court] must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence;* (c) where [the court] fails to do this the case will be reversed and remanded for a new trial; and (d) that [the court] must be satisfied, as well as the jury. . . .

*Curran v. State,* 4 S.W.2d at 958 (emphasis added).

Notwithstanding the long history of the rule in our courts, it was abolished primarily as a reaction to a United States Supreme

---

4. Judge Mashburn's written order states:

Having considered the evidence presented by the State and the Defendants, the Court is of the opinion that the motion [for judgment of acquittal] is not well taken and the same is hereby denied.

Having considered the evidence presented on behalf of the State and the Defendants and having assessed the credibility of the witnesses presented by all parties, the Court is of the opinion and finds that the jury verdict is contrary to the weight of the evidence. Accordingly, the verdict of the jury is hereby set aside. The case will be set for retrial.

Court case, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). Following *Burks'* pronouncement that double jeopardy prohibited the retrial of a defendant after an appellate court had determined that the evidence was insufficient, our supreme court limited trial and appellate court consideration to the sufficiency and not the weight of the evidence. When the United States Supreme Court clarified *Burks* in *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) and firmly established the constitutionality of the thirteenth juror rule, our court declined to reinstate the rule. *State v. Johnson,* 692 S.W.2d 412, 413 (Tenn. 1985); *State v. Adkins,* 786 S.W.2d 642, 645 (Tenn.1990). The majority rejected the dissenting justices' protestation that the rule served as a safeguard against jury error noting that:

> [t]here is nothing in the history of the law to indicate the legal training and background of a trial judge endows [the judge] with some greater perspicacity to assess the credibility of witnesses than twelve jurors from assorted backgrounds whose education and/or experience may far better equip them to make such an assessment.

*State v. Adkins,* 786 S.W.2d at 646.[5]

Nonetheless, following recommendations of the Advisory Commission on the Tennessee rules of Criminal Procedure, the rule was reinstated effective July 1, 1991 as Rule 33(f) of the Tennessee Rules of Criminal Procedure. The rule restored the trial court's approval of a verdict as a prerequisite to a valid judgment. *See State v. Burlison,* 868 S.W.2d 713, 718 (Tenn.Crim.App.1993).

■ There are important distinctions between the setting aside of a verdict under Rule 33(f) and a judgment of acquittal under Rule 29 of the Tennessee Rules of Criminal Procedure. To resolve a motion for a judgment of acquittal under Rule 29, the trial court must examine the sufficiency of the evidence. In determining the sufficiency, a court considers the evidence presented at trial in the light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn.1985); Tenn.R.App.P. 13(e). The court does not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). Nor does a court substitute its inferences for those drawn by the trier of fact from the evidence. *Liakas v. State,* 199 Tenn. 298, 286 S.W.2d 856, 859 (1956); *Farmer v. State,* 574 S.W.2d 49, 51 (Tenn.Crim.App.1978). If the trial judge determines that the evidence is insufficient to support a jury's guilty verdict beyond a reasonable doubt, a judgment of acquittal is granted. The state may not retry the defendant but has the right of appeal. Tenn.R.Crim.P. 29(c).

■ Rule 33(f) requires the trial judge to independently weigh the evidence and assess the witness' credibility. *Curran v. State,* 4 S.W.2d at 958. The trial judge must be personally satisfied with the verdict. Notwithstanding the obligation, at common-law the court was not required to explicitly state on the record that compliance had occurred. The overruling of a motion for new trial, absent evidence to the contrary, led to a presumption that the trial judge had performed the thirteenth juror function. *Id.* Thus, unless a court expressed dissatisfaction with a verdict or the weight of the evidence or absolved itself of its thirteenth juror responsibility, compliance was presumed. *See Helton v. State,* 547 S.W.2d 564, 566 (Tenn. 1977); *Messer v. State,* 215 Tenn. 248, 385 S.W.2d 98 (1964); *State v. Burlison,* 868

---

5. The primary rationale for abolishing the rule was its difficulty in application. In *Johnson,* the court said:

> The distinction between the 'weight' of the evidence and the 'legal sufficiency' of the evidence has little substance in criminal cases, where the State has the burden of proving the defendant's guilt beyond a reasonable doubt. It is difficult to accept the proposition that a trial judge can reasonably determine that the evidence is legally sufficient to support a finding of guilt beyond a reasonable doubt but that such a verdict is against the weight of the evidence. We find the weight of the evidence standard to be difficult, if not impossible to apply rationally and uniformly in criminal cases.

*State v. Johnson,* 692 S.W.2d at 413.

S.W.2d 713 (Tenn.Crim.App.1993); *Halliburton v. State*, 1 Tenn.Crim.App. 39, 428 S.W.2d 41 (1967), *cert. denied*, (Tenn.1968).

The remaining validity of this common-law rule in light of the now-codified version of the thirteenth juror rule was addressed in *State v. Carter*, 896 S.W.2d 119 (Tenn.1995). There the Court of Criminal Appeals had held that compliance with the rule was "discretionary" but that a judge's ambiguous statements[6] "amply prov[ed] his agreement with the jury verdict." *Id.* at 120.

The supreme court affirmed but modified to hold that "Rule 33(f) imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case." *Id.* at 122. The court likewise agreed that the rule does not require an explicit statement on the record that the duty has been performed. Thus, the court summarized:

> Just as at common law, Rule 33(f) does not require the trial judge to make an explicit statement on the record. Instead, when the trial judge simply overrules a motion for new trial, an appellate court may presume that the trial judge has served as the thirteenth juror and approved the jury's verdict. Nonetheless, where the record contains statements by the trial judge expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court absolved itself of its responsibility to act as the thirteenth juror, an appellate court may reverse the trial court's judgment.

*Id.* (citations omitted).

■ Thus, our general role as an appellate court reviewing the trial court's exercise of its thirteenth juror role is this: when a trial judge overrules a motion for new trial and says nothing else we are to assume that the judge has exercised the mandatory thirteenth juror function and is satisfied with the jury verdict. If the judge denies the new trial but expresses dissatisfaction with the verdict or the weight of the evidence, we must reverse and grant a new trial.

■ A more difficult question arises when the record reflects that the trial court has failed to perform its function or performed it improperly. Although it seems somewhat inefficient, the settled law suggests that a reversal is required. *See Holden v. Rannick*, 682 S.W.2d 903 (Tenn.1984); *Helton v. State*, 547 S.W.2d 564 (Tenn.1977); *White v. State*, 490 S.W.2d 502 (Tenn.1973); *Messer v. State*, 215 Tenn. 248, 385 S.W.2d 98 (1964). Despite the inefficiency inherent in the automatic reversal rule, the case law makes no provision for remand to require the court to properly exercise its thirteenth juror function. Thus, this court recently reversed and remanded for new trial a first-degree murder case in which it found that the trial judge "clearly misconce[ived] her role as thirteenth juror." *State v. Andrew Lee Moats*, No. 03C01–9302–CR–00038, 1994 WL 160154 (Tenn.Crim.App., Knoxville, May 2, 1994), *perm. to appeal granted*, (Tenn.1994). We noted that a remand with instructions to the trial judge to properly exercise the thirteenth juror role would have been "logical," but was not allowed by the case law. Accordingly, it remains the law in this jurisdiction that appellate courts may only affirm the proper exercise of the thirteenth juror function or reverse the improper exercise and remand for a new trial.

■ Notwithstanding this, the state urges us to reverse the trial judge's grant of a new trial in this case. The basis for their appeal is that the trial judge "went outside the record in setting aside the jury's verdict." Were we convinced from the record before us that information not presented to the jury

---

6. The judge said:
   > I don't have any trouble in finding that the jury was well justified in reaching this verdict that they did, although I will concede it is an unusual case, the only one I can think of like that, and that Leander Carter is an unusual person.

   He further explained:
   > I don't have any trouble in finding that the jury was well justified in reaching this verdict that they did.

After summarizing the proof, the trial judge concluded that the weight of the evidence supported a finding of guilt, and again commented:
   > [t]hat's what the jury thought and that's what I think, too ... but I don't have any doubt in my mind, and the jury didn't either, reasonable doubt, that he was trying to get by with something.

*State v. Carter*, 896 S.W.2d at 120.

formed the basis for the trial judge's grant of a new trial, we would share the state's concern. Trial judges exercising their thirteenth juror function are acting as jurors. "[T]he trial judge and the jury see the witnesses face to face, hear their testimony, and observe their demeanor on the stand." *Bolin v. State*, 405 S.W.2d at 771. Thus, proper factors to be weighed by the trial court include the witness' testimony, demeanor, and credibility, all factors likewise considered by the jury. *See State v. Burlison*, 868 S.W.2d 713, 719 (Tenn.Crim.App.1993). The rule calls upon the trial judge to exercise its role in its traditional capacity. While judges, like jurors, are at liberty to assess credibility, weigh evidence, and balance testimony, they may not consider information that was not presented to the jury.

■ In this case, we do not find that the trial judge's post-decision remark regarding "reports" indicates that those "reports" influenced the decision to grant a new trial based on an assessment of the weight of the evidence. The trial judge granted the motion based on his assessment of the witness' credibility. He emphasized his concern about the number of individuals accused by the victim, the motive and bias on the part of the witnesses, and the failure of one important witness to disclose all those accused to the police. The trial judge orally granted the motion after this commentary without reference to anything other than the witness' credibility and the weight of the evidence.

Furthermore, the court's written order, which takes precedence over extraneous comments, clearly reflects a proper discharge of his thirteenth juror function and a grant of a new trial based on an assessment of the weight of the evidence. Only following his ruling, as the judge asked participants to help quell any potential disturbance the ruling might cause, did the judge comment on unknown "reports" which the jury had not seen. The context in which the comments were made indicate that they were for the purpose of diminishing any ire that the judge's ruling might cause in the jurors who had reached a different verdict. They were, perhaps, properly motivated out of a desire to avoid alienating citizens who had dis-charged civic duties only to be reversed. While they were also, perhaps, inappropriate, they were superfluous, innocuous, and irrelevant in the face of the entire record. The trial judge had already properly exercised his thirteenth juror function. His extraneous comments do not undermine that ruling.

■ Additionally, we note that a judge exercising thirteenth juror function, like a juror, is not required to give any reason for the action. *State v. Carter*, 896 S.W.2d 119 (Tenn.1995); *see, e.g., Helton v. State*, 547 S.W.2d 564 (Tenn.1977); *Messer v. State*, 215 Tenn. 248, 385 S.W.2d 98, 101 (1964); *Cumberland Telephone & Telegraph Company v. Smithwick*, 112 Tenn. 463, 79 S.W. 803, 805 (1904). If the trial court gives reasons, "an appellate court looks to them only for the purpose of determining whether [the trial judge] passed upon the issue and was satisfied or dissatisfied with the verdict thereon." *Cumberland Telephone & Telegraph Company v. Smithwick*, 112 Tenn. 463, 79 S.W. at 805. If the remarks indicate that the trial judge has misunderstood the duty as thirteenth juror, an appellate court must reverse and remand for a new trial. *Miller v. Doe*, 873 S.W.2d 346, 347 (Tenn.App.1993), *perm. to appeal denied*, (Tenn.1994); *Hatcher v. Dickman*, 700 S.W.2d 898, 900 (Tenn.App.), *perm. to appeal denied*, (Tenn.1985). Extraneous comments and observations made from the bench may be regarded as irrelevant if the record demonstrates that the judge has carefully performed the thirteenth juror function. *Hatcher v. Dickman*, 700 S.W.2d at 900 (trial judge refers to result in similar case); *Tennessee Farmers Mutual Insurance Co. v. Hammond*, 43 Tenn.App. 62, 306 S.W.2d 13, 17, *cert. denied*, (Tenn.1957) (trial court considers evidence heard in former case in overruling motion for new trial); *McCulley v. Cherokee Insurance Company, et al.*, 49 Tenn.App. 713, 359 S.W.2d 561, 563–65, *cert. denied*, (Tenn.1962) (trial court speculates upon jury's reasoning and veracity of plaintiff).

In a recent civil case a trial judge granted a new trial. The order reflected a proper exercise of the thirteenth juror rule. *Wasielewski v. K Mart Corp.*, 891 S.W.2d 916

(Tenn.App.1994), *perm. to appeal denied,* (Tenn.1995). Nonetheless, the judge commented at the hearing that "plaintiff's counsel's conduct may have unfairly prejudiced the jury against the defendants." The court of appeals upheld the grant of the new trial ruling that "the Court's order takes precedence over memoranda or comments and [the trial judge] clearly exercise[d] his function as a juror in the order." *Id.* at 918 (citing *Rogers v. Sain,* 679 S.W.2d 450 (Tenn. App.), *perm. to appeal denied,* (Tenn.1984)).

The rule relied on by the Court of Appeals in *Wasielewski* is not of recent origin, *see Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733, 736, *cert. denied,* (Tenn.1971) (appellate court will look to reasons given by the trial court only to determine whether court "passed upon the issue and was satisfied or dissatisfied with the verdict"); nor is it limited to civil cases. In *Helton v. State,* 547 S.W.2d 564 (Tenn.1977), a pre-Rule 33(f) case, the Supreme Court at least impliedly endorsed the rule. In *Helton,* the trial judge made comments which indicated his dissatisfaction with the verdict. He also commented gratuitously on his knowledge of the parties prior to trial, particularly relating to his representation of one of them during his days as a practicing attorney. Notwithstanding these comments, the Supreme Court reversed and remanded for a new trial. *Helton v. State,* 547 S.W.2d at 566.

▮ Finally, we are mindful that the courts of this state have consistently held that the grant of a new trial is the exclusive appropriate remedy for thirteenth juror matters. If the trial court grants a new trial as a thirteenth juror, we, as an appellate court, cannot review the exercise of that authority. We have "no independent authority to act as a thirteenth juror." *State v. Burlison,* 868 S.W.2d at 719. Rule 33(f) expressly authorizes the trial and not the appellate courts to sit as thirteenth jurors. Further, "limits presently existing for appellate review ... effectively preclude [us from] reevaluating or reweighing the evidence." *Id.* Thus, an ap-

pellate court is "practically foreclose[d]" from making an "assessment of the evidentiary basis for a trial court's thirteenth juror ruling." *Id.* Instead, the appellate court's duty is limited to a review of whether the obligation was discharged. If it was discharged in accordance with procedure, we affirm. If it was not, we reverse and remand for a new trial. No other remedy is available. *See State v. Andrew Lee Moats,* No. 03C01–9302–CR–00038, 1994 WL 160154 (Tenn. Crim.App., Knoxville, May 2, 1994), *perm. to appeal granted,* (Tenn.1994).[7]

The state's reliance on *State v. Hill,* 856 S.W.2d 155 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1993), is misplaced. In *Hill,* the trial judge altered the jury's finding as to the value of a credit card, thereby reducing the offense for which defendant was convicted. The issue was whether, as a thirteenth juror, a trial judge who disagrees with a portion of the jury's verdict may modify the portion while leaving the rest of the verdict intact. *State v. Hill,* 856 S.W.2d at 157. We held that "the trial court cannot simply substitute [a] *finding* for the jury's on [the] question [of the value of the credit card], in part or in whole, because such authority would negate the fundamental right to a trial by jury." *Id.* That ruling which disallows a partial disapproval and replacement of the jury's verdict with a different one has no application to the case at bar.

Here, the trial judge neither partially disapproved the verdict nor entered a different verdict. He set aside the existing verdict based upon his individual assessment of the weight of the evidence. The trial judge who observed the witnesses, viewed their demeanor, and assessed their credibility, expressed grave dissatisfaction with the verdict. In his capacity as an independent juror he determined that the state's witnesses were not credible. Under our law, it would have been error to approve the verdict.

The trial judge has fulfilled his duty as thirteenth juror. He has determined that

---

7. We have located only one case in which the state has appealed the grant of a new trial as a thirteenth juror. In *State v. Howard E. Loftin,* No. 03C01–9101–CR–00061, 1991 WL 138509 (Tenn.Crim.App., Knoxville, July 30, 1991), the trial court granted a new trial as thirteenth juror even though the rule had not at that time been reinstated by the supreme court. Our court reinstated the conviction and remanded the case for sentencing. That case is inapposite here.

the jury's verdict of guilty should be set aside. Fairness dictates that we not reinstate a verdict of guilty in the face of a trial judge's expressed dissatisfaction with the weight of the evidence. We may not disturb that judgment. Therefore, this case is affirmed and remanded to the trial court for new trial under a different trial judge.[8]

SCOTT, P.J., and HAYES, J., concur.

8. Rule 33(f) also gives both sides the right to demand a different judge on retrial.