# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



FILED

March 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9704-CC-00146** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BENTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JULIAN P. GUINN** |
| **LOREN JOE PIERCE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Aggravated Arson)** |


FOR THE APPELLANT:

TERRY J. LEONARD
9 North Court Square
P. O. Box 957
Camden, TN 38320

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH T. RYAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

ROBERT RADFORD
District Attorney General

TODD A. ROSE
Assistant District Attorney
P. O. Box 94
Paris, TN 38242


OPINION FILED _____


CONVICTION AFFIRMED; REMANDED FOR RE-SENTENCING

JERRY L. SMITH, JUDGE

# OPINION

Appellant Loren Joe Pierce was convicted on June 5, 1996 by a jury in the Benton County Circuit Court of one count of aggravated arson, a Class A felony. As a Range I standard offender, Appellant received a sentence of fifteen years with the Tennessee Department of Correction. The trial court ordered this sentence to run consecutively to Appellant's prior sentence for aggravated kidnapping. Appellant presents two issues for our consideration on this direct appeal: (1) whether the evidence was sufficient to sustain Appellant's conviction for aggravated arson; and (2) whether the trial court erred in failing to act as thirteenth juror and grant Appellant a new trial.

After a review of the record, we affirm the judgment of the trial court, but remand for a new sentencing hearing.

## I. FACTUAL BACKGROUND

The proof shows that on July 15, 1995, Appellant started a fire on the second floor of the Benton County Jail by throwing a burning piece of paper onto a pile of garbage in the hallway outside the cell. At the time of this offense, Appellant was incarcerated as a pre-trial detainee on the aggravated kidnapping.

At trial, Leland Randolph Stoutt and Stanley Malin, Appellant's fellow inmates, testified that Appellant became angry with the jailer because there was no toilet paper. Mr. Stoutt testified that Appellant stated, "Well, I'll show him, it

will be a fire in a minute." According to Mr. Malin's testimony, Appellant said, "Get ready, I'm fixing to set this place afire."

Stacey Tharpe, another inmate, testified that around mealtime, Appellant walked through the jail and said, "Everybody eat because when you get through it's going to be a fire." A couple of minutes later, Mr. Tharpe saw Appellant light a piece of paper with a match and toss the paper onto a pile of garbage in the hallway of the jail.[1] The garbage consisted primarily of Styrofoam which immediately began to burn.

Deputy Lucas Kennon testified that upon being informed that there was a fire on the second floor of the jail, he grabbed a fire extinguisher and immediately extinguished the blaze. Deputy Kennon stated that the smoke was almost unbearable and described it as being strong, white, and thick.

Sheriff Bobby Shannon testified that on the date of the incident, approximately forty inmates resided in the jail and that seven to eight employees were inside the building.

Deputy Morris Rogers testified that he and other deputies escorted all the inmates on the second floor outdoors for their safety. Johnny Hayes, an arson investigator with the Tennessee Fire Marshall's Office, arrived at the jail after the fire had been extinguished. The debris had been removed by the time that Mr. Hayes arrived. However, he noticed smoke on the ceiling and walls and scorched and peeling paint.

---

[1] Mr. Tharpe explained that the matches were given to the inmates by the jail.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant's first contention on this direct appeal is that the evidence is insufficient to sustain his conviction for aggravated arson. We disagree.

This Court is obliged to review challenges to the sufficiency of the convicting evidence according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d

776, 779. Finally, TENN. R. APP. P. 13(e) provides, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." See also Matthews, 805 S.W.2d 776, 780.

> Tenn. Code Ann. § 39-13-303 provides in part:
>
> (a) A person commits arson who knowingly damages any personal property, land, or other property, except buildings or structures covered under § 39-14-301, by means of a fire or explosion:
>     (1) Without the consent of all persons who have a possessory or proprietary interest therein;
>     (2) With intent to destroy or damage any such property for any unlawful purpose.

Tenn. Code Ann. § 39-14-302 provides in pertinent part: "(a) A person commits aggravated arson who commits arson as defined in § 39-14-301[2] or § 39-14-303: (1) When one (1) or more persons are present therein." Tenn. Code Ann. § 39-14-302(a)(1). The State is required to prove each and every element of the charged offense. In the indictment, Appellant was charged with setting fire to garbage for the unlawful purpose of creating a fire in the Benton County Jail at a time when one (1) or more persons were present at the jail.

The proof shows that Appellant set the garbage on fire; that the trash burned and created dense, white smoke; and that approximately forty inmates and seven employees were present at the time of the incident.

Appellant complains that the proof showed Stacey Tharpe was not in a position to see Appellant light the fire. However, any inconsistencies or

---

[2] Tenn. Code Ann. § 39-14-301 deals with arson of a structure. However, Appellant was not charged with this offense.

contradictions in the evidence were resolved by the jury in convicting Appellant. Therefore, the evidence was sufficient to sustain Appellant's conviction for aggravated arson.

## III. TRIAL COURT'S THIRTEENTH JUROR REVIEW

Appellant contends that because the trial court expressed dissatisfaction with the required sentence, the court erred in denying his motion for new trial. We disagree.

TENN. R. CRIM. P. 33(f) provides, in part, "The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." Id. This rule imposes a duty upon the trial judge to act as the thirteenth juror in every criminal case. State v. Blanton, 926 S.W.2d 953, 958 (Tenn. Crim. App. 1996) (citing State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995)). An appellate court has no independent authority to serve as the thirteenth juror and to assess the propriety of the jury's verdict. State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Only in those cases where the trial judge overrules a motion for new trial without comment will this Court presume that the trial court approved the verdict as the thirteenth juror. State v. Moats, 906 S.W.2d 431, 435 (Tenn. 1995); State v. Dankworth, 919 S.W.2d 52, 57 (Tenn. Crim. App. 1995). In Moats, the Tennessee Supreme Court reiterated the well-settled rule that "an appellate court must grant a new trial when the record contains statements by the trial court expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court misunderstood its responsibility or authority to act as the thirteenth juror." Id. at 435-36.

In overruling Appellant's motion for new trial, the trial judge expressed his concern that the sentence was too stringent:

> I thought the charge, the penalty under the facts of the case were unduly harsh. I am of the opinion, however, that the evidence that was produced was more than sufficient to support the jury's verdict. And, in fact, I can find no grounds as thirteenth juror to not approve that, notwithstanding the harshness of the punishment. I find and approve that verdict as the trial judge.

The trial court's unequivocal remarks indicate only its belief that the prescribed sentence for the offense was too harsh. Because the record is devoid of any statements wherein the trial judge expresses dissatisfaction or disagreement with the verdict, we find no error in his refusal to grant Appellant's motion for new trial.

### IV. SENTENCING

Although not raised by either party, we have noted as plain error two problems with respect to sentencing in this case. First, the trial court began its sentencing procedure in the belief that Tennessee Code Annotated Section 40-35-210(d) required the court to consider the minimum sentence for a Range I offender of a Class A felony, i.e. fifteen years, as the presumptive sentence for Appellant. However, in State v. Robert Willis Chance, No. 02C01-9605-CC-00178, opinion filed January 31, 1997; this Court held that despite the literal language of Tennessee Code Annotated Sections 40-35-210 (c) and (d), the presumptive sentence for a Class A felony is always the mid-point of the sentence range. In this case the presumptive sentence for Appellant should be twenty rather than fifteen years.

Secondly, the trial court stated at the sentencing hearing that Appellant's sentence must by law be served consecutively to the sentence for the aggravated

kidnapping charge in which he was a pre-trial detainee when he committed the arson in the present case. We are unaware of any provision of law that requires consecutive sentencing in a situation such as that presented in the instant case. Indeed, this Court has noted that it is somewhat ironic that while the legislature has mandated consecutive sentences for felonies committed while the offender is on parole, see Tenn. Code Ann. § 40-28-123(a), the General Assembly has not mandated cumulative sentencing for offenders who commit additional felonies while incarcerated. See, State v. Michael Blazer, No. 03C01-9405-CR-00185, opinion filed February 3, 1995, at Knoxville. The trial court on remand should therefore consider whether the instant case warrants consecutive sentencing.

Accordingly, the judgment of conviction is affirmed. The sentence is reversed and the case remanded for re-sentencing in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
THOMAS T. WOODALL, JUDGE