IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2017 Session

## STATE OF TENNESSEE v. MATTHEW GLEN HOWELL

**Criminal Court for Davidson County
No. 2015-B-857**

**No. M2016-01812-CCA-R3-CD**

TIMOTHY L. EASTER, J., concurring in part and dissenting in part.

I agree with the majority's conclusions in section II of the opinion, the evidence of a federal lawsuit and section III, impeachment of the victim. However, I respectfully disagree with the majority's conclusion in section I that a new trial on the offense of simple assault is barred by the prohibition against double jeopardy. I am of the opinion that there is no valid and final judgment for the purposes of collateral estoppel via double jeopardy and that a rational jury could have grounded its verdict upon an issue other than that which Defendant seeks to estop. Therefore, I would remand the case for a new trial on simple assault.

Defendant argues that the collateral estoppel principles incorporated in the Double Jeopardy clause prohibit a new trial on any charge of which the jury has impliedly acquitted Defendant. Defendant roots his argument in our supreme court's decision in *State v. Thompson*, 285 S.W.3d 840 (Tenn. 2009), which adopted the reasoning of the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436 (1970), and *Turner v. Arkansas*, 407 U.S. 366 (1972). The State responds by arguing that there is no valid and final judgment from which the collateral estoppel stems.

The jury's acquittal of Defendant for the offense of intentional or knowing aggravated assault was final upon entry. *See Thompson*, 285 S.W.3d at 854. However, the jury's verdict on the improperly instructed charge of reckless aggravated assault is a nullity. *See Nease v. State*, 592 S.W.2d 327, 332-33 (Tenn. Crim. App. 1979) (holding that a judgment on a lesser-included crime resulting from erroneous jury instruction for a nonexistent crime was a nullity). Additionally, the modified judgment issued by the trial court is not valid because it results from the aforementioned and erroneous reckless

aggravated assault verdict, and a trial court's modification of a judgment cannot impose a conviction or sentence which exceeds the jury's determination of culpability. *See State v. Hill*, 856 S.W.2d 155, 157 (Tenn. 1993). Thus, we are left with only a valid and final judgment of acquittal on the offense of intentional or knowing aggravated assault.

In the past, our supreme court has held that a new trial on the lesser-included offense of assault was the proper remedy when the defendant had been acquitted of intentional or knowing aggravated assault and the evidence was insufficient to support a conviction for reckless aggravated assault. *State v. Goodwin*, 143 S.W.3d 771, 777 (Tenn. 2004). The majority correctly points out that *Goodwin* was decided prior to our supreme court's decision in *Thompson*. However, the majority fails to recognize the two opinions issued after *Thompson* in which our supreme court expressly held that a new trial on a lesser-included offense does not violate double jeopardy. *See State v. Whited*, 506 S.W.3d 416, 447-48 (Tenn. 2016) (citing *State v. Maupin*, 859 S.W.2d 313, 318 (Tenn. 1993)); *State v. Climer*, 400 S.W.3d 537, 571 (Tenn. 2013). Further, our supreme court has declared that a new trial on lesser-included offenses would be proper on multiple occasions where the greater offense did not stand. *See Whited*, 506 S.W.3d at 448; *Climer*, 400 S.W.3d at 571; *State v. Cross*, 362 S.W.3d 512, 530 (Tenn. 2012); *Goodwin*, 143 S.W.3d at 777; *State v. Rush*, 50 S.W.3d 424, 432-33 (Tenn. 2001). Since *Thompson*, this Court has also held that a new trial on lesser-included offenses is proper when the greater offense did not stand. *See State v. Larkin*, 443 S.W.3d 751, 818 (Tenn. Crim. App. 2013). Because our supreme court has relied on *Maupin* to permit a new trial on lesser-included offenses in *Goodwin* as well as *Climer* and *Whited*, it appears that remedy set forth in *Goodwin* survived our supreme court's decision in *Thompson*. Therefore, I am of the opinion that the same remedy used in *Goodwin* should be used in this case: a new trial.

The decisions which allowed for a new trial on lesser-included offenses in the years after *Thompson* indicate that the holding in *Thompson* is unique to the factual scenario where an essential element, like a predicate offense for felony murder, has been fully considered and decided by a jury, resulting in either a conviction or an acquittal. Simply because a greater offense of which a defendant has been acquitted shares an element with a lesser offense that a jury has never considered does not mean that a new trial on the lesser-included offense is barred by double jeopardy principles. Just as we refuse to speculate about a jury's reasoning when it comes to inconsistent verdicts, *State v. Bloodsaw*, 746 S.W.2d 722, 726 (Tenn. Crim. App. 1987), we should refuse to speculate as to the reasoning behind the jury's acquittal of Defendant for intentional or knowing aggravated assault. The jury made a determination of guilt or innocence on intentional or knowing aggravated assault, but they did not make a separate and distinct finding related to Defendant's *mens rea*. Even Defendant admits in his brief that it is possible that the jury's acquittal of intentional or knowing aggravated assault and the jury's verdict of guilty for reckless aggravated assault could have been the product of a compromise verdict. Thus,

- 2 -

the jury could have grounded its decision on an issue other than that which Defendant seeks to estop.   Accordingly, I cannot reach the conclusion that Defendant's *mens rea* has been determined with finality by the jury.

The jury was instructed to consider the lesser-included offenses in a sequential order, and by finding Defendant guilty of reckless aggravated assault, the jury did not render a verdict on the lesser-included offense of simple assault.   Therefore, I am of the opinion that a new trial on the offense of simple of assault is the proper remedy.


_____
TIMOTHY L. EASTER, JUDGE