**STATE of Tennessee, Appellee,**

v.

**Vaughn W. MORGAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 2, 1985.

Permission to Appeal Denied by Supreme Court May 6, 1985.

Raymond S. Leathers, Asst. Atty. Gen., Nashville, Berkeley Bell Dist. Atty. Gen., Morristown, for appellee.

Greg W. Eichelman, Morristown, for appellant.

OPINION

DAUGHTREY, Judge.

The defendant, Vaughn W. Morgan, was convicted of a third DUI offense and of driving without a license. He received respective sentences of 11 months, 29 days in jail and a $1000 fine, and six months in jail and a $50 fine. Furthermore, his driver's license was suspended for three years, and he was ordered to enter an alcohol rehabilitation program. On appeal, Morgan challenges the sufficiency of the convicting evidence, the correctness of the trial court's ruling on the admissibility of evidence of a refusal to take a breathalyzer test, and the propriety of statements made by the prosecution during closing argument. We find no merit to these issues and therefore affirm the trial court's judgment.

In the early morning hours of August 6, 1983, Officer Wayne Livesay of the Morristown Police Department, was on routine patrol. At approximately 2:30 a.m., his attention was drawn to a vehicle driven by defendant Morgan, who went slowly for a while and then accelerated. Additionally, the vehicle weaved from side to side although it never completely left its designated lane. When the defendant made a right turn, the right wheel of the vehicle struck the curb.

Officer Livesay eventually stopped Morgan and asked him for his driver's license. The defendant was unable to provide driving authorization, but produced a paper declaring him eligible to retake the driving

test. While speaking with the defendant, Livesay noticed that Morgan had a strong odor of alcohol about him, glazed eyes, and a flushed appearance. Moreover, as Morgan exited the car, he "staggered badly." When the defendant failed the field sobriety tests, he was arrested and charged with DUI. He refused, however, to submit to a breathalyzer test.

Jailer Mike Hayes testified that Morgan was staggering when he was brought to the jail. His eyes were red, his speech was slurred, and he had a strong odor of alcohol about him. In Hayes's opinion, the defendant was intoxicated at the time.

The defendant blamed his erratic driving habits on a defective clutch in the vehicle he had purchased shortly before his arrest. He explained further that he had experienced balance problems since a 1973 accident and that his speech was "blurred" because of a dry mouth caused by medication. He also testified that a passenger in his car had spilled a beer on his clothes as he was driving.

The jury rejected the defendant's explanation of his behavior and accredited the testimony of the state's witnesses. That evidence was sufficient to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt of the offenses for which he was convicted.* Tennessee Rule of Appellate Procedure 13(e).

The defendant contends that the trial court improperly allowed testimony about his refusal to submit to a breathalyzer test because this evidence was irrelevant and immaterial. In support of this proposition, he cites *Crawley v. State*, 219 Tenn. 707, 413 S.W.2d 370, 373–374 (1967).

In *Crawley,* the Supreme Court recognized that statutes applicable at that time did not indicate that blood, urine, or breath tests for the presence of alcohol were compulsory or mandatory in Tennessee. Consequently, the court held that the results of such tests were admissible at trial "only when the tests are shown to have been properly administered by qualified experts, and when it is shown that the testing device is scientifically acceptable and accurate for the purpose thereof." *Id.,* 413 S.W.2d at 373. Because the prosecution in *Crawley* failed to show "the laboratory or testing devices proposed to be used or ... the competency of the persons proposing to administer ... [the] test," the court held that evidence of Crawley's refusal to submit to a blood-alcohol test was inadmissible. *Id.* at 374.

Since 1967, however, the Tennessee Code has been amended to provide that all operators of motor vehicles within the state impliedly consent to tests to determine the alcoholic content of their blood. T.C.A. § 55–10–406(a). Such tests have become compulsory or mandatory, upon request, in lieu of suspension of driving privileges. *Id.*

In light of this statutory development, the continued viability of *Crawley's* test for the admissibility of evidence of refusal to submit to blood-alcohol examinations is questionable. In fact, this court has recently held that evidence of a refusal to submit to a sobriety test is admissible as being probative on the issue of guilt. *State v. Smith,* 681 S.W.2d 569 (Tenn.Cr.App.1984).

Furthermore, we agree with the trial court that evidence of the defendant's refusal to submit to a sobriety test is particularly relevant in the present case. The defendant conceded at trial that his physical condition was not normal but insisted that this was due to a pre-existing disability and not to the ingestion of alcohol. We thus find that his refusal to take a test that would have measured the amount of alcohol in his blood was relevant to the disputed issues at trial, and we reject the argument that this evidence was not probative.

---

* At a bifurcated hearing held after his conviction of DUI in this case, the defendant admitted having two prior convictions for DUI in Grainger County and pleaded guilty to the charge of DUI, third offense.

■ Finally, the defendant complains that the state's closing argument implied that the defendant bore the burden of proof at trial. The District Attorney General argued, "There has been no proof in this case from anyone that was there other than the police officers that Mr. Morgan was not under the influence of an intoxicant. And there could have been."

Clearly, this statement did not imply that the burden of proof had shifted to the defendant; rather, the argument was merely a comment on the defendant's testimony. We find no error in the state's argument.

The judgment of the trial court is affirmed.

WALKER, P.J., and BYERS, J., concur.