**STATE of Tennessee, Appellee,**

v.

**Leander Charles CARTER, Appellant.**

Supreme Court of Tennessee,
at Jackson.

March 13, 1995.

**120**

George Morton Googe, Dist. Public Defender, 26th Judicial Dist., Jackson, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, and Joel W. Perry, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Chief Justice.

We granted this appeal to determine whether a trial judge's duty to act as the thirteenth juror under Tennessee Rule of Criminal Procedure 33(f), is mandatory or discretionary. We have concluded that Rule 33(f) is mandatory and requires a trial judge to act as the thirteenth juror. We have also determined, however, that where the trial judge denies a motion for new trial, an appellate court may presume, in the absence of evidence to the contrary, that the trial judge approved the jury's verdict as the thirteenth juror, without an explicit statement by the judge on the record that he has done so. The judgment of the Court of Criminal Appeals is, therefore, affirmed as modified.

### *FACTS*

As a result of a shoplifting incident at a Wal–Mart store in Jackson, Tennessee, the defendant was charged with and tried for theft of property valued at less than $500. The jury returned a verdict of guilty. Thereafter, the defendant made a motion requesting either a judgment of acquittal based on insufficiency of the evidence, or a new trial pursuant to Tenn.R.Crim.P. 33(f), which requires the trial judge to evaluate the evidence as the thirteenth juror. During the hearing on the motion, in response to Rule 33(f) being raised by the defense, the trial court said:

Okay. I understand that. I don't have any trouble in finding that the jury was well justified in reaching this verdict that they did, although I will concede it is an unusual case, the only one I can think of like that, and that Leander Carter is an unusual person.

The trial judge then denied the motion and entered judgment on the jury's verdict.

The defendant appealed, asserting both insufficiency of the evidence and failure of the trial judge to evaluate the evidence as the thirteenth juror pursuant to Tenn.R.Crim.P. 33(f). The Court of Criminal Appeals affirmed, deciding that the challenge to the sufficiency of the evidence was without merit. As to the claim that the trial judge failed to evaluate the evidence as the thirteenth juror, the Court of Criminal Appeals first stated that under Rule 33(f), Tenn.R.Crim.P., the thirteenth juror rule is discretionary, and second, explained that the trial judge's statements in the record "amply prov[ed] his agreement with the jury verdict."

Thereafter, we granted the defendant's application for permission to appeal. In this Court, the defendant argues that the Court of Criminal Appeals erred, both in concluding that a trial judge's duty to act as the thirteenth juror pursuant to Rule 33(f), Tenn. R.Crim.P., is discretionary, and in its alternative finding that the trial judge in this case performed the function of the thirteenth juror. The State defends the Court of Criminal Appeals' decision, and also argues that had the trial judge simply overruled the motion for new trial, without further statement, we could, from that action, presume approval of the jury's verdict as the thirteenth juror.

We have considered the arguments advanced by both the defendant and the State and have concluded, for the reasons discussed below, that Rule 33(f), Tenn.R.Crim. P., imposes upon a trial judge the mandatory duty to serve as the thirteenth juror in every criminal case. We have also determined that no explicit statement on the record is required by the trial judge that the duty has been performed. Accordingly, where a motion for new trial is denied without a statement, an appellate court may presume that the trial judge approved the jury's verdict as

the thirteenth juror. As modified, the judgment of the Court of Criminal Appeals is affirmed.

### THIRTEENTH JUROR RULE

An analysis of the issues raised in this appeal requires that we briefly recount the history and development of the thirteenth juror rule in Tennessee. A clear and comprehensive statement of the common law thirteenth juror rule was provided by the Supreme Court in the early leading case of *Curran v. State*, 157 Tenn. 7, 4 S.W.2d 957, 958 (1928), as follows:

> [U]nder our system, (a) the trial court exercises the function of a thirteenth juror: (b) that he must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) that he must be satisfied, as well as the jury (meaning, in a criminal case, satisfied that the defendant is guilty).

*Id.*, (internal quotations omitted) (emphasis added).

Although, historically, the trial court's approval of the verdict under the thirteenth juror rule was a necessary prerequisite to the imposition of a valid judgment, the trial judge was not required to make an explicit statement on the record indicating that the duty had been fulfilled. *See Messer v. State*, 215, Tenn. 248, 385 S.W.2d 98, 101 (1964); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim.App.1993). In fact, the *Curran* court explained that

> [w]hen the trial court simply overrules a motion for new trial presumably he approves the verdict, but such is not the case where he passes upon neither the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him.

*Curran v. State*, 4 S.W.2d at 958. Thus, as the rule developed at common law, a reviewing court presumed that the trial judge had performed the thirteenth juror function, unless, on the record, the trial judge expressed disagreement with the verdict or dissatisfaction with the weight of the evidence, or where the trial court absolved itself of its responsibility to act as the thirteenth juror. *Helton v. State*, 547 S.W.2d 564, 566 (Tenn. 1977); *Messer v. State*, 385 S.W.2d at 98; *State v. Burlison*, 868 S.W.2d at 719; *Halliburton v. State*, 1 Tenn.Crim.App. 39, 428 S.W.2d 41 (1967).

The common-law thirteenth juror rule, as applied in Tennessee, was called into constitutional question, however, when in 1978, the United States Supreme Court held in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that principles of double jeopardy preclude retrial of a defendant once a reviewing court has found the evidence to be *legally insufficient* to support the conviction. That holding was applied to state proceedings by *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In response, this Court abandoned the thirteenth juror rule in criminal cases, interpreting *Burks* to preclude, on double jeopardy grounds, a retrial where a trial judge concluded, as the thirteenth juror, that the *weight* of the evidence did not support the jury's verdict. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978).

Not long after the thirteenth juror rule was abandoned in *State v. Cabbage*, however, the U.S. Supreme Court clarified the holding of *Burks* and stated that a retrial after a reversal based upon the weight of the evidence, rather than its legal sufficiency, does not violate principles of double jeopardy. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Although the constitutionality of the thirteenth juror rule was clearly established after *Tibbs*, a majority of this Court chose not to reinstate the rule, concluding that the weight-of-evidence standard would be difficult to rationally and uniformly apply in criminal cases. *State v. Johnson*, 692 S.W.2d 412 (Tenn.1985). Two members of the *Johnson* court dissented, however, commenting that "[t]his rule may be the only safeguard available against a miscarriage of justice by the jury." *Id.*, 692 S.W.2d at 415 (Drowota, J., and Fones, J., dissenting). *See also State v. Adkins*, 786 S.W.2d 642 (Tenn.1990).

Six years later, in 1991, this Court reconsidered the thirteenth juror issue. After a

favorable recommendation by the Advisory Commission on the Tennessee Rules of Criminal Procedure, we promulgated what is now Section (f), Rule 33 of the Tennessee Rules of Criminal Procedure, which is set out below.

> (f) New Trial Where Verdict Is Against the Weight of the Evidence. The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence. If the trial court grants a new trial because the verdict is contrary to the weight of the evidence, upon request of either party the new trial shall be conducted by a different judge.

The Advisory Commission Comment to section (f) interpreted the rule as follows:

> New Rule 33(f) changes the holdings in *State v. Johnson*, 692 S.W.2d 412 (Tenn. 1985), and *State v. Adkins*, 786 S.W.2d 642 (Tenn.1990), which had abolished the thirteenth juror rule in criminal cases. The rule is restored by the amendment.

(Emphasis added.)

■ As we view it, the Commission Comment plainly states that the thirteenth juror rule has been "restored" by enactment of Tenn.R.Crim.P. 33(f). "Restoration" of the thirteenth juror rule, as we interpret the term, re-establishes the rule as it existed at common law. *State v. Burlison*, 868 S.W.2d at 719. Thus, contrary to the finding of the Court of Criminal Appeals, we can only conclude that Rule 33(f) imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment. *Messer v. State*, 385 S.W.2d at 101; *State v. Burlison*, 868 S.W.2d at 719.

■ Just as at common law, Rule 33(f) does not require the trial judge to make an explicit statement on the record. Instead, when the trial judge simply overrules a motion for new trial, an appellate court may presume that the trial judge has served as the thirteenth juror and approved the jury's verdict. Nonetheless, where the record contains statements by the trial judge expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court absolved itself of its responsibility to act as the thirteenth juror, an appellate court may reverse the trial court's judgment. *Helton v. State*, 547 S.W.2d at 566; *Messer v. State*, 385 S.W.2d at 98; *State v. Burlison*, 868 S.W.2d at 719; *Halliburton v. State*, 428 S.W.2d at 41.

■ Applying those principles to the factual record in this case, we agree with the Court of Criminal Appeals' conclusion that the trial judge more than fulfilled his mandatory duty to act as the thirteenth juror. The defendant argues that the trial judge initially recited the standard applied when claims challenging the sufficiency of the evidence are reviewed. What the defendant ignores, however, is that at the time that standard was quoted, the trial judge was ruling on the defendant's motion for judgment of acquittal challenging the sufficiency of the evidence, and therefore was applying the correct standard in that context.

■ As previously discussed, we could have presumed that the trial court fulfilled its duty as the thirteenth juror because the defendant's request for a new trial pursuant to Rule 33(f), Tenn.R.Crim.P., had been denied. However, the comments made by the trial judge while ruling on the motion illustrate that the verdict was approved and the duty to act as the thirteenth juror was performed. The trial judge emphatically stated, "I don't have any trouble in finding that the jury was well justified in reaching this verdict that they did." After summarizing the proof, the trial judge concluded that the weight of the evidence supported a finding of guilt, and again commented, "[t]hat's what the jury thought and that's what I think, too." As to the evidence of the defendant's guilt, the trial judge concluded, "... but I don't have any doubt in my mind, and the jury didn't either, reasonable doubt, that he was trying to get by with something out there." Accordingly, the record in this case amply reflects that the trial judge considered the evidence as the thirteenth juror and approved the jury's verdict. The Court of Criminal Appeals' judgment affirming the conviction is affirmed.

## CONCLUSION

We have determined that Tenn.R.Crim.P. 33(f) restores the thirteenth juror rule as it existed at common law and, therefore, imposes upon a trial judge the mandatory duty to function as the thirteenth juror in criminal cases. An appellate court may presume that the trial court has acted as the thirteenth juror and approved the jury's verdict where the trial court simply overrules a motion for new trial without any explicit statement that it has independently weighed the evidence and agrees with the jury's verdict. As modified, the Court of Criminal Appeals' judgment is affirmed. Costs of this appeal are taxed to the defendant, Leander Charles Carter, Jr.

DROWOTA and REID, JJ., and FONES and CANTRELL, Special Justices, concur.