IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1996 SESSION



FILED

September 6, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9510-CC-00319 |
| Appellee, | ) |
| | ) Grainger County |
| V. | ) |
| | ) Hon. Ben W. Hooper II, Judge |
| | ) |
| **GARY HARRIS,** | ) (Manufacturing Marijuana) |
| | ) |
| Appellant. | ) |


FOR THE APPELLANT:

Edward Cantrell Miller
District Public Defender

Lu Ann Ballew
Assistant Public Defender
P.O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Alfred C. Schmutzer, Jr.
District Attorney General

Charles E. Atchley
Asst. Dist. Attorney General
Sevier County Courthouse
Sevierville, TN 37862

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

A jury found Gary Harris guilty of manufacturing marijuana in violation of Tennessee Code Annotated 39-17-417.  Harris appeals and presents the following issues for our review:

I.  Whether the evidence is sufficient to sustain the conviction; and

II.  Whether the verdict is supported by the weight of the evidence.

We affirm.

The appellant rented a house on a 42-acre farm owned by Evelyn Sharp.  Ms. Sharp raised cattle on the rest of the farm.  She visited the farm daily to feed the cattle and take care of farm chores.  During a routine visit, Ms. Sharp saw what she thought to be marijuana in the back of the appellant's truck.  The truck was parked approximately 60 to 70 feet from the appellant's house.  Ms. Sharp promptly left to go get the sheriff.

Approximately thirty minutes later, Ms. Sharp returned with Officer Todd Loveday of the Grainger County Sheriff's Department.  The plants that Ms. Sharp had earlier observed had been moved to some nearby brush.  Officer Loveday confirmed that these plants were marijuana.  He also noticed a single marijuana leaf in the back of the appellant's truck.  Upon further investigation, Officer Loveday located a total of 32 potted marijuana plants near or around this same area.   He also noticed a "beaten path in the grass" from the appellant's house to where the marijuana was found.  He proceeded up to the house and questioned the appellant about the plants.  The appellant admitted that he owned the truck but denied having any knowledge of the plants and could not explain how the plants got in such close proximity to his house.

-2-

Officer Loveday confiscated all 32 plants. The plants were photographed but never sent to a toxicologist to confirm that they were in fact marijuana. Two days later the appellant was arrested for the production of marijuana.

At trial, the state's proof included testimony of Ms. Sharp and Officer Loveday. Both witnesses testified as to what they had seen that day at the property. Furthermore, Officer Loveday testified that he was certain, based upon his experience and training, that the plants he confiscated were marijuana. The photographs of the plants were admitted into evidence.

The appellant attempted to show that the plants were never tested by a certified toxicologist and, thus, never proven to be marijuana. In addition, the appellant attempted to show that access to the property was unlimited and that the state had failed to prove that he was the person who planted the marijuana. The jury was not persuaded and returned a verdict of guilty.

## SUFFICIENCY OF THE EVIDENCE

The appellant contends that the evidence presented at trial is insufficient to support his conviction. Great weight is afforded a verdict reached by a jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).

The evidence was sufficient to sustain the appellant's conviction. The state presented strong circumstantial evidence that the appellant was growing marijuana. The testimony of both Ms. Sharp and Officer Loveday provided enough evidence from which a jury could have concluded the appellant produced marijuana beyond a reasonable doubt.

**WEIGHT OF THE EVIDENCE**

The appellant next contends that the verdict was not supported by the weight of the evidence. Presumably, the appellant is arguing that the trial judge failed to perform his role as thirteenth juror pursuant to Rule 33(f) of the Tennessee Rules of Criminal Procedure.

Rule 33(f) provides that the trial court may grant a new trial if it views the verdict to be contrary to the weight of the evidence. This rule applies to the trial court and does not give this Court independent authority to act as a thirteenth juror. State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). The fact that this Court has no independent authority to function as a thirteenth juror does not negate the obligation to review the trial court's action under Rule 33(f) for error. Therefore, if the record reflects that the trial court disagreed with the

verdict or otherwise expressed dissatisfaction with the verdict, it is error for the trial court to refuse to grant a new trial. State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). Also, a new trial may be granted on appeal in circumstances in which the trial court absolved itself of its responsibility to consider the evidence as a thirteenth juror. Burlison, 868 S.W.2d at 719. Conversely, once the trial court approves the verdict as the thirteenth juror and imposes judgment, the review of the evidence on appeal is quite limited, requiring the accrediting of the testimony of the witnesses for the state and the resolution of evidentiary conflicts in favor of the state. Grace, 493 S.W.2d at 476.

The record reflects that the trial court considered the evidence in its role of the thirteenth juror and denied the appellant's request for an acquittal or new trial. The appellant's contention is that the weight of the evidence is contrary to the verdict, a position with which the trial court disagreed.

Both issues raised by the appellant are without merit. The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-6-

_____
JOE B. JONES, Presiding Judge

_____
DAVID G. HAYES, Judge