IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. JAMES KENNETH CARROLL

**Direct Appeal from the Criminal Court for Roane County**
**No. 12,576     E. Eugene Eblen, Judge**

---

**No. E2003-02278-CCA-R3-CD - Filed February 15, 2005**

---

The appellant, James Kenneth Carroll, was convicted in the Roane County Criminal Court of driving under the influence (DUI), child endangerment, and a violation of the implied consent law. The trial court imposed consecutive sentences of eleven months and twenty-nine days in the Roane County Jail for the DUI and child endangerment convictions. For his violation of the implied consent law, the appellant's license was suspended for one year. On appeal, the appellant challenges the trial court's actions as thirteenth juror. Upon our review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Spence R. Bruner, Kingston, Tennessee, for the appellant, James Kenneth Carroll.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In the light most favorable to the State, the proof adduced at trial reveals that at approximately 9:30 p.m. on March 2, 2001, the appellant was driving home from visiting friends. His wife, Melissa Carroll, and their two children, four-year-old Taylor and two-year-old Raven, were with him. His wife was in the front passenger seat, and the two children were seated in the back of the vehicle. The appellant was traveling down two-lane Highway 29 toward an intersection with Hassler Mill Road.

At that time, Teresa Ray Owen and Ronald Scott Revus, employees of the Roane County Emergency Medical Services (EMS), were in an ambulance driving on Highway 29, heading toward the scene of an accident. Owen was driving the ambulance and had activated the ambulance's siren and emergency lights. When the ambulance crested a hill near the intersection of Highway 29 and Hassler Mill Road, Owen noticed a late model car driven by the appellant traveling in front of her. Owen changed the tone of the siren to attract the appellant's attention. The appellant activated his right turn signal and veered toward the right. As there was no other traffic on the road, Owen decided to pass the appellant's vehicle. As the ambulance moved into the left lane, the appellant "made a quick turn to the left." The ambulance collided with the driver's side door of the appellant's vehicle and knocked the appellant's car against an abandoned store building.

Owens radioed for help while Revus went to assess any injuries to the passengers in the appellant's car. The appellant was "slumped over" onto his wife. The appellant's wife and children were uninjured. Revus noticed a "strong smell of alcohol inside the car," which smell originated from the "driver compartment."

Soon thereafter, Officer Jonathan Lee Foust, a Tennessee State Trooper, and Officer Anthony Steven Ruff, an officer with the Harriman Police Department arrived at the scene. Both Trooper Foust and Officer Ruff noticed a strong smell of alcohol coming from the appellant. Trooper Foust learned that the appellant was the driver of the vehicle. As the appellant was being transferred into the ambulance, Trooper Foust advised him that he was under arrest for DUI. However, the officers were unable to further converse with the appellant at the scene because he needed to be transported to Roane Medical Center for treatment.

Officer Ruff arrived at the hospital before Trooper Foust. The appellant was waiting in the hospital's emergency room. At Trooper Foust's direction, Officer Ruff informed the appellant that he was suspected of driving under the influence, read the appellant an implied consent form, and asked the appellant for a sample of his blood to determine its alcohol content. The appellant refused to submit to blood alcohol testing.

Upon his arrival at Roane Medical Center, Trooper Foust again asked the appellant for permission to take his blood for alcohol testing. The appellant repeated his refusal, stating that "he'd been stuck too many times." However, the appellant admitted to Trooper Foust that he had consumed three beers prior to driving. Additionally, the appellant's medical records from Roane Medical Center reflect that medical personnel were unable to fully assess the appellant's condition due to the his intoxication.

At the conclusion of the trial, the jury found the appellant guilty of driving under the influence (DUI), child endangerment, and a violation of the implied consent law. After the jury returned its verdict, the appellant admitted that the instant offense was his third DUI offense; accordingly, his conviction for DUI was enhanced to a conviction for DUI, third offense. At the sentencing hearing, the appellant received consecutive sentences of eleven months and twenty-nine days in the Roane County Jail for his convictions for DUI and child endangerment. The appellant

was ordered to serve one hundred and thirty days for his DUI conviction and thirty days for his child endangerment conviction, for a total of one hundred and sixty days in confinement. For his violation of the implied consent law, the appellant's license was suspended for one year. On appeal, the appellant complains that the trial court did not properly act as thirteenth juror because the "verdict was contrary to the weight of the evidence."

## II. Analysis

Tennessee's thirteenth juror rule is contained in Tennessee Rule of Criminal Procedure 33(f), which rule provides that "[t]he trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." When a trial court makes a determination following Rule 33(f), the court is acting as thirteenth juror. See State v. Gillon, 15 S.W.3d 492, 500 (Tenn. Crim. App. 1997). Our supreme court has explained that "when the trial judge simply overrules a motion for new trial, an appellate court may presume that the trial judge has served as the thirteenth juror and approved the jury's verdict." State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). In the instant case, the trial court overruled the appellant's motion for new trial, finding that the evidence was sufficient to support the jury's verdicts. Thus, the trial court acted as thirteenth juror and approved the jury's verdicts. This court has observed that once the trial court has approved a verdict as the thirteenth juror, as it has in this case, our appellate review is then limited to determining the sufficiency of the evidence. See State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993).

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The appellant specifically contends that there was insufficient evidence to convict him of DUI and child endangerment.[1] The offense of driving under the influence is defined in Tennessee Code Annotated section 55-10-401(a)(1) (2003), which statute provides:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while:
>
> (1) Under the influence of any intoxicant . . . .

Additionally, a person commits child endangerment when he "violates § 55-10-401, and who at the time of the offense was accompanied by a child under thirteen (13) years of age." Tenn. Code Ann. § 55-10-414 (2003). In the instant case, there is no dispute that the appellant was driving the vehicle on a public road in Tennessee while he was accompanied by his two children, both of whom were under thirteen years of age. Thus, the appellant's guilt of DUI and child endangerment rests upon whether the appellant was under the influence of an intoxicant while he was driving.

The evidence at trial established that Owens and Revus approached the appellant's vehicle with the ambulance's siren and emergency lights engaged. They witnessed the appellant signal a right turn, veer toward the right, then inexplicably sharply turn left into the ambulance attempting to pass in the left lane. Immediately after the crash, several witnesses testified that a strong odor of alcohol was emanating from the appellant. Further, the appellant admitted to Trooper Foust that he drank three beers prior to driving. Additionally, the appellant's medical records reflect that the appellant's condition could not be fully assessed due to his intoxication. We conclude that, given the foregoing facts, it was within the jury's purview to find that the appellant was intoxicated at the time of the collision. See State v. Timichael Trew, No. E2003-01915-CCA-R3-CD, 2004 WL 2607770, at *3 (Tenn. Crim. App. at Knoxville, Nov. 17, 2004); see also State v. Craig S. Cook, No. M2002-02460-CCA-R3-CD, 2004 WL 2827007, at *3 (Tenn. Crim. App. at Nashville, Dec. 9, 2004). Therefore, there was sufficient evidence to support the appellant's convictions for DUI and child endangerment. This issue is without merit.

---

[1] Notably, the appellant does not challenge his conviction for a violation of the implied consent law or the enhancement of his DUI conviction to a conviction for DUI, third offense. See Tenn. Code Ann. § 55-10-403(a)(1) (2003).

### III.  Conclusion

Finding no error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE