

**FILED**

March 25, 2008

Cecil Crowson, Jr.
Appellate Court Clerk

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MARCH SESSION, 1995**

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | No. 01C01-9410-CC-00369 |
| Appellee | ) | |
| | ) | MAURY COUNTY |
| vs. | ) | |
| | ) | Hon. **Jim T. Hamilton**, Judge |
| **JAMES POLK**, | ) | |
| | ) | (Aggravated Robbery) |
| Appellant | ) | |


<u>For the Appellant:</u>

**Dana C. Holloway**
810 S. Garden Street
Post Office Box 339
Columbia, TN 38402-0339

<u>For the Appellee:</u>

**Charles W. Burson**
Attorney General and Reporter

**Sharon S. Selby**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**T. Michael Bottoms**
District Attorney General

**Jesse Durham**
Asst. District Attorney General
Post Office Box 1619
Columbia, TN 38401


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, James Polk, appeals from a conviction for aggravated robbery entered in the Circuit Court of Maury County. The appellant contends that the trial court should have ordered a new trial pursuant to Rule 33(f) of the Tennessee Rules of Criminal Procedure.

After a review of the record, we affirm the judgment of the trial court.

On September 8, 1993, Jack Lightfoot, a part-time employee of the Four Sixes liquor store in Mt. Pleasant, observed a young black male enter the store. Lightfoot, a former principal at a Mt. Pleasant school, recognized the person's face but "couldn't put a name to it." The young male walked past Lightfoot to a cooler where the store kept half-pints and pints of liquor, picked up a bottle of vodka, walked up to the register, and set the bottle down on the counter. Lightfoot rang up the purchase and announced the purchase price. When the register drawer opened, the young male said, "Give me your money," and displayed a small semi-automatic weapon in his right hand. Lightfoot complied, and the robber left the store, taking approximately $1,125.00.

Lightfoot called the police, and shortly thereafter, Officer Tommy Goats of the Mt. Pleasant Police Department arrived at the scene. Lightfoot told Officer Goats that he had been robbed by a black male in his early twenties, approximately six feet, three inches tall, and weighing about 150 to 160 pounds.[1] Lightfoot also told Officer Goats that he was sure that he recognized the robber

---

[1] At trial, Lightfoot testified that he had informed Officer Goats that "he was probably wrong" about the robber's weight. He stated that "I didn't take into account his height, . . . I knew his weight would have been more being taller." Lightfoot also stated at trial that he described the robber as weighing about 170 pounds. The pre-sentence report reveals that the appellant is six feet, six inches tall and weighs 215 pounds.

as a former pupil, but he could not recall his name.  The following week,

Lightfoot went to the police station and examined a book of photographs.  While

looking through the photographs, he identified the appellant's picture as a

photograph of the man who had robbed him.  A few days later, Officer Goats

arranged a photographic lineup, whereby he showed several photographs to

Lightfoot and asked him to identify the man who had robbed the store.  Lightfoot

selected a photograph of the appellant.  Based upon this information, Officer

Goats talked to friends and relatives of the appellant.  The appellant eventually

came to the station voluntarily.  Officer Goats testified that the following

transpired while he was talking to the appellant:

> I advised him he had been identified in a robbery.  He made
> the statement -- I am trying to find it in my report where I can
> -- he made the statement to the effect that he said, "well,
> what's the clerk's name at the store [?] [H]e probably knows
> me from school."

At the appellant's trial, Lightfoot identified the appellant as the man who

had robbed the store.  On cross-examination, the appellant's counsel alleged

that Lightfoot had been unable to positively identify the appellant at the pre-trial

hearing.[2]  Lightfoot denied this allegation.

Hoyt Phillips, a forensic scientist for the Tennessee Bureau of

Investigation, was called by the defense to testify.  Phillips testified that he had

processed the bottle of vodka handled by the robber for fingerprints.  Hoyt was

able to develop four identifiable and one unidentifiable latent fingerprints, none of

which matched the appellant's fingerprints.

Rick Osburn, an attorney who represented the appellant at the preliminary

hearing, also testified for the defense.  Osburn testified that, to the best of his

---

[2]A tape made of the preliminary hearing was inaudible.

recollection, Lightfoot had not been able to conclusively identify the appellant as the robber at the preliminary hearing.

At the conclusion of the proof, the jury returned a verdict of guilty. The trial court sentenced the appellant to twelve years confinement as a standard offender. Subsequently, the appellant filed a motion for new trial under Rule 33(f). A hearing on the motion was held on July 29, 1994. The trial court denied the appellant's motion.

The appellant contends that the trial court erred in failing to grant the appellant's motion for a new trial on the ground that the verdict was contrary to the weight of the evidence. In support of this proposition, the appellant argues that the State's only eyewitness, Jack Lightfoot, "admitted at the preliminary hearing that he could not positively identify the defendant as the person who robbed him. He also failed to give a similar physical description of the defendant." The appellant also points to the fact that the "bottle that was directly handled by the suspect, and from which identifiable fingerprints were taken, did not indicate a match with the fingerprints of James Polk."

Rule 33(f) of the Tennessee Rules of Criminal Procedure is the modern equivalent to the common law "thirteenth juror rule".[3] The "thirteenth juror rule" allows the trial court, after a jury verdict of guilty, to grant a new trial if the trial court disagrees with the jury about the weight of the evidence. Tenn. R. Crim. P. 33(f); Curran v. State, 157 Tenn. 7, 4 S.W.2d 957, 958 (1928).

Pursuant to Rule 33(f), a trial judge has the mandatory duty to serve as

---

[3]The "thirteenth juror rule" was abandoned in this state in 1978, see State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978), but was reinstated with the 1991 promulgation of subsection (f) of Tenn. R. Crim. P. 33. See State v. Barone, 852 S.W.2d 216 (Tenn. 1993).

the thirteenth juror in every criminal case. State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). The trial judge's approval of the jury's verdict is a necessary prerequisite to imposition of a valid judgment. Id. See also Messer v. State, 385 S.W.2d 98, 101 (Tenn. 1964); State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Notwithstanding this mandatory duty, Rule 33(f) does not require the trial judge to make an explicit statement on the record. Carter, 896 S.W.2d at 122. Moreover, an order by the trial judge denying a motion for new trial provides this court with the presumption that the trial judge has served as the thirteenth juror and approved the jury's verdict. Id. If such an order is entered by the trial judge, he may be reversed only if the record demonstrates the trial judge's dissatisfaction or disagreement with the jury's verdict or the weight of the evidence. Id. See also Helton v. State, 547 S.W.2d 564, 566 (Tenn. 1977); Messer, 385 S.W.2d at 98.

In the case now before us, the trial judge denied the appellant's motion for a new trial. The trial judge expressly stated his approval of the jury's verdict by stating: "Mr. Polk told [the officer] 'I guess he recognized me from my high school days.' I mean, that to me, that did it. That nailed the coffin shut, so, I am going to overrule the motion." We find that the trial judge properly fulfilled his duty to act as the thirteenth juror and approve the verdict of the jury. This issue is without merit.

The judgment of the trial court is affirmed.

_____
**David G. Hayes, Judge**

CONCUR:

5

_____

**Jerry Scott, Presiding Judge**


_____

**Joseph M. Tipton, Judge**