# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 30, 2010 at Knoxville

## STATE OF TENNESSEE v. GEORGE WASHINGTON MATTHEWS

### Appeal from the Criminal Court for Davidson County
### No. 2004-D-3131      Seth Norman, Judge

---

### No. M2009-00692-CCA-R3-CD - Filed August 13, 2010

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the court's opinion and express the view that the pivot upon which the appeal in this case teeters is very finely pointed.

One can understand the trial judge's comment, "I think it's a question for the jury and the jury did set the amount," to express his view that the evidence was *sufficient* to go to the jury and to support legally a verdict of guilty. In the proper context, a judge's reference to the quantum of evidence being a jury question merely expresses the traditional test for whether the evidence is legally sufficient – whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003).

Upon reviewing the context in which the comment was made in this case, however, it is clear that the arguments preceding the comment were directed toward the *weight* of the evidence. In arguing the defendant's motion for a new trial, counsel specifically and narrowly claimed that, in light of the testimony about the contraband's weighing .05 grams with a margin of error of .01 grams, the weight of the evidence did not support the verdict. The prosecutor joined the issue. In this context, the trial court opined that the question was one for the jury. I concur that, in context, the trial court "absolved itself of its responsibility to act as the thirteenth juror." *See State v. Carter*, 896 S.W.2d 119, 122 (Tenn. 1995). In this situation, a new trial is required.

_____
JAMES CURWOOD WITT, JR., JUDGE