IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 26, 2013 at Knoxville

**STATE OF TENNESSEE v. ISAIAH LAWLER**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2481      Mark J. Fishburn, Judge**

_____

**No. M2012-00843-CCA-R3-CD - Filed April 15, 2013**

_____

Following a jury trial, the Defendant, Isaiah Lawler, was convicted of driving under the influence (DUI), fourth offense, a Class E felony; possession of an open container of beer while operating a motor vehicle, a Class C misdemeanor; and violation of the implied consent law. See Tenn. Code Ann. §§ 55-10-401, -403(a)(1)(A)(vi), -406, -416. As a result of these convictions, the Defendant received an effective two-year sentence. In this appeal as of right, the Defendant contends (1) that the evidence was insufficient to sustain his conviction for DUI, fourth offense; and (2) that the trial court, by accepting the jury's guilty verdict with respect to the charge of DUI, fourth offense, failed to fulfill its duties as the thirteenth juror. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Isaiah Lawler.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Brian Connor Adams and A. Allen Grant, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

At approximately 2:00 a.m. on February 10, 2010, Officer Jeffrey Cason of the Metropolitan Nashville Police Department saw a car drive past him without its taillights on. Officer Cason activated his blue lights and attempted to initiate a traffic stop. However, the

car continued on for "a quarter of a mile to a half a mile" without stopping. The car eventually pulled into a gas station and parked next to a gas pump. When Officer Cason approached the driver of the car, the Defendant, he could smell alcohol and noticed that the Defendant's speech was slurred. Officer Cason described the Defendant's eyes as being red, bloodshot, watery, and glossy. Officer Cason asked the Defendant for his driver's license, and the Defendant fumbled through his wallet for "about four minutes." Officer Cason could see that there was no license in the Defendant's wallet, but the Defendant searched through his wallet for so long that Officer Cason thought it was "ridiculous" and "almost comical."

Officer Cason asked the Defendant to step out of the car, and he noticed that the Defendant was unsteady on his feet. Officer Cason continued to smell alcohol, and the odor "was more obvious as [the Defendant] would speak." Officer Cason asked the Defendant to perform some field sobriety tests, but the Defendant refused saying that he was "not going to do any tests." Officer Cason read the Defendant an implied consent form and the Defendant refused to submit to a breathalyzer test. Officer Cason advised the Defendant of his Miranda rights and asked the Defendant if he had consumed any alcohol that night. The Defendant responded that he had drunk two twenty-four-ounce beers in the previous hour. Officer Cason asked the Defendant if he was on any medication, and the Defendant responded that he had "eight unknown medications but [he was] not currently on them." Officer Cason also asked the Defendant if he had slept at all in the last twenty-four hours, and the Defendant responded that he had slept for eighteen hours that day.

Inside the Defendant's car, Officer Cason noticed an open twenty-four-ounce can of beer sitting in the floorboard on the passenger's side and within arm's reach of the driver's seat. The can was still cold to the touch and only about a quarter full. Officer Cason testified at trial that, based upon his prior experience and training, he believed that the Defendant was intoxicated. However, Officer Cason admitted that the Defendant was not driving erratically and that he only stopped the Defendant because his taillights were out. The Defendant conceded at trial that he had at least seven prior convictions for DUI dating back to 1984, including three prior convictions in the past ten years. Based upon the foregoing evidence, the jury convicted the Defendant of DUI, fourth offense.

## ANALYSIS

### I. Sufficiency of the Evidence

The Defendant contends that the evidence was insufficient to sustain his conviction for DUI, fourth offense.[1] The Defendant argues that there was no evidence that he was driving erratically and that his behavior after he was pulled over was due to the fact that he was tired and "probably on his way home to rest." The Defendant further argues that in the absence of any blood-alcohol or field sobriety tests, Officer Cason's observations of his behavior were insufficient to establish that he was intoxicated. The State responds that the evidence was sufficient to sustain the Defendant's conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). "This [standard] applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." State v. Sisk, 343 S.W.3d 60, 67 (Tenn. 2011).

The Defendant was convicted of DUI in violation of Tennessee Code Annotated section 55-10-401. The statute states, in pertinent part:

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of

---

[1] On appeal, the Defendant contests only that there was sufficient evidence to establish that he was intoxicated and does not contest that he had a sufficient number of prior DUI convictions to justify a conviction for DUI, fourth offense.

any shopping center, trailer park or any apartment house complex, or any other premises that is generally frequented by the public at large, while:

> (1) Under the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself which the driver would otherwise possess[.]

This court has held that in DUI cases, a police officer's testimony, by itself, is sufficient evidence to convict a defendant of DUI. See State v. Vasser, 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993) (stating that the State did not need more than the deputy's testimony to prove its DUI case).

Here, the evidence was more than sufficient to establish that the Defendant was driving while intoxicated. Officer Cason testified that the Defendant traveled some distance after he activated his blue lights and that when the Defendant did stop, he pulled up to a gas pump at a gas station. The Defendant smelled of alcohol, his eyes were watery and bloodshot, and his speech was slurred. The Defendant fumbled excessively for his driver's license, which Officer Cason could plainly see was not in the Defendant's wallet. There was an open container of beer in the floorboard of the passenger's side. The can was still cold to the touch and only had a quarter of its contents remaining. The Defendant was unsteady on his feet when he exited the car, and Officer Cason noticed that the smell of alcohol was more pronounced when the Defendant spoke.

The Defendant told Officer Cason that he had two twenty-four-ounce beers in the last hour. On appeal, the Defendant argues that his condition was due to the late hour and the fact that he was tired, but the Defendant told Officer Cason he had slept eighteen of the previous twenty-four hours. Additionally, the Defendant refused to submit to a blood-alcohol test or field sobriety tests. See State v. Morgan, 692 S.W.2d 428, 430 (Tenn. Crim. App. 1985) (stating that "evidence of a refusal to submit to a sobriety test is admissible as being probative on the issue of guilt"). Accordingly, we conclude that the evidence was sufficient to sustain the Defendant's conviction for DUI, fourth offense.

*II. Thirteenth Juror*

The Defendant contends that the trial court, by accepting the jury's verdict with respect to the charge of DUI, fourth offense, failed to fulfill its duties as the thirteenth juror. The Defendant argues that the trial court made a statement expressing its "dissatisfaction or

disagreement with the weight of the evidence" prior to denying his motion for judgment of acquittal. The State responds that the trial court denied the Defendant's motion for new trial without comment and that the trial court's statement in denying the Defendant's motion for judgment of acquittal that this case was "not the strongest case evidentiary-wise that I've heard" did not amount to an expression of dissatisfaction or disagreement with the weight of the evidence.

Tennessee Rule of Criminal Procedure 33(d) provides that "[t]he trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." This is the modern equivalent of the thirteenth juror rule and "imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment." State v. Biggs, 218 S.W.3d 643, 653 (Tenn. Crim. App. 2006) (quoting State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995)) (internal quotation marks omitted). "[W]hen a trial court overrules a motion for new trial without comment, an appellate court may presume that the trial court approved the verdict as the thirteenth juror." Id. (citing Carter, 896 S.W.2d at 122). However, "where the record contains statements by the trial judge expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court absolved itself of its responsibility to act as the thirteenth juror, an appellate court may reverse the trial court's judgment." Carter, 896 S.W.2d at 122.

Here, the trial court denied the Defendant's motion for new trial without making any comment. However, the Defendant contends that statements made by the trial court when it denied his motion for judgment of acquittal expressed dissatisfaction or disagreement with the weight of the evidence. In denying the Defendant's motion for judgment of acquittal, the trial court stated as follows:

> Admittedly, it's not the strongest case evidentiary-wise that I've ever heard, but part of that's due to the fact [the Defendant] didn't take the field sobriety tests and didn't take the breath test, but certainly there is evidence before the Court . . . [that] indicates that there's a possibility of intoxication, including his unsteady feet in exiting the vehicle; bloodshot, watery red eyes; his admission to having two twenty-four ounce beers, which is the equivalent of four beers; excessively fumbling with his wallet in his attempt to get his license.

We agree with the State that the trial court's comments did not amount to an expression of dissatisfaction or disagreement with the weight of the evidence. To the contrary, the trial

court stated that there was sufficient evidence to establish intoxication. Accordingly, we conclude that the trial court properly fulfilled its duties as the thirteenth juror in this case.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE