FILED
10/23/2025
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2025 Session

**STATE OF TENNESSEE v. GAVIN ALLEN CLARK**

**Appeal from the Circuit Court for Coffee County**
**Nos. 2020-CR-46, 811F     Robert Thomas Carter, Judge**

———————————————————

**No. M2023-01427-CCA-R3-CD**

———————————————————

TIMOTHY L. EASTER, J., concurring in part and dissenting in part.

While I agree with the lion's share of the majority opinion's meticulous review of the issues presented by Defendant on appeal, there are a couple of distinct issues on which I disagree: whether the trial court erred in failing to act or serve as the thirteenth juror; and the proper remedy for retrial of offenses, based upon an ambiguous verdict. For the reasons set forth below, I find that the trial court satisfied its role as the thirteenth juror. Furthermore, on retrial, I conclude that the State can proceed on the original charges of felony murder (counts 1 and 2), aggravated child abuse (count three), and aggravated child neglect (count four). Accordingly, I respectfully dissent in part from the majority opinion on these issues.

The majority rightly cites Rule 33(d) of the Tennessee Rules of Criminal Procedure as the modern equivalent of the "thirteenth juror rule." This part of Rule 33 became effective in July of 1991 and "imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case[ ], and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment." *State v. Carter*, 896 S.W.2d 119, 122 (Tenn. 1995) (citations omitted). Although the duty is mandatory, the trial court is not required to make an explicit statement on the record that it has fulfilled its duty to act as the thirteenth juror. *State v. Biggs*, 218 S.W.3d 643, 653 (Tenn. Crim. App. 2006) (citing *Carter*, 896 S.W.2d at 122; *State v. Brown*, 53 S.W.3d 264, 274 (Tenn. Crim. App. 2000)). To that end, when a trial judge overrules a motion for new trial, absent any evidence that the trial court expressed dissatisfaction or disagreement with the weight of the evidence or the verdict, this Court presumes that the trial judge has served as the thirteenth juror and approved the jury's verdict. *Carter*, 896 S.W.2d at 122. However, *if* the trial court makes statements

"expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict," or statements indicating that it "misunderstood its responsibility or authority to act as the thirteenth juror," then the appellate court must reverse and remand for a new trial."[1] *State v. Moats*, 906 S.W.2d 431, 436 (Tenn. 1995). Once the trial court fulfills its duty as the thirteenth juror and imposes a judgment, appellate review is limited to determining the sufficiency of the evidence. *Id.* (citing *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993)).

The State and Defendant both point out that the trial court did not verbalize approval or dissatisfaction with the jury's verdicts at the end of the trial, and we agree with this assessment. Instead, the trial court merely asked the jury foreperson if it was their "collective verdict," expressed thanks to the jurors, and commented on the "extremely difficult" nature of the trial.

In my view, the trial court implicitly approved the jury verdict by thanking the jury, discharging them from service, and setting a date to schedule the sentencing hearing. Moreover, at the sentencing hearing, the trial court found that enhancement factor (5) of Tennessee Code Annotated section 40-35-114, that Defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense, applied, specifically noting the lapse of time between when Defendant "began internet searches" for what to do in the case of injury and the time the child was presented to the emergency room about five hours later. The application of this enhancement factor further supports the conclusion that the trial court approved the verdict as the thirteenth juror. Additionally, the trial court adopted the jury's verdicts by signing the four judgment forms associated with each conviction, indicating its agreement with the jury's verdict. *Torres v. State*, 543 S.W.3d 141, 148 (Tenn. Crim. App. 2017).

The majority attempts to distinguish cases where this Court has relied on "extraneous comments made at sentencing and the motion for new trial in determining whether the trial court properly discharged its role as thirteenth juror" because the trial court "invoked" the *Jackson* sufficiency of the evidence standard of review at the hearing on the motion for new trial. The majority concludes that if we were to consider the trial court's comments from the sentencing hearing, the determination "would be far from clear and equivocal as required by *Moats*." Respectfully, *Moats* only requires a trial court's ruling as the thirteenth juror to be "clear and equivocal" "*when a trial court chooses to comment on the record about its thirteenth juror determination*." 906 S.W.2d at 435 (emphasis added).

---

[1] We acknowledge, like the majority, the Tennessee Supreme Court's recent departure from the automatic reversal rule in civil cases but also recognize that this Court is without authority to abrogate that rule in criminal cases. *Fam. Tr. Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 302 (Tenn. 2024).

Here, as pointed out by the State, Defendant, and the majority, the trial court did not comment on the record about its thirteenth juror determination at the conclusion of the trial. That is to say, in this case there was no requirement vis a vis *Moats* that the trial court's words be clear and equivocal because there were no words used at all. In my view, this is the exact scenario that would permit this Court to utilize the comments made by the trial court during the sentencing hearing and at the hearing on the motion for new trial to determine if the trial court properly discharged its role as the thirteenth juror

We acknowledge that in denying the motion for new trial, the trial court wrongly cited *Jackson v. Virginia* as the standard; however, the trial court rejected Defendant's argument that the verdict was against the weight of the evidence. While the trial court definitively used the wrong case name, the standard recited by the trial court in its order was correct—"it is clear that the great weight of the evidence supported the jury's verdict." *See State v. Blanton*, 926 S.W.2d 953, 958 (Tenn. Crim. App. 1996). This is the correct standard for trial courts to use to discharge their role as the thirteenth juror. *See* Tenn. R. Crim. P. 33(d). Further, the trial court separately addressed Defendant's sufficiency challenge at the hearing on the motion for new trial, lending credence to the conclusion that the trial court was not confused about which standard to apply and both approved the verdict as the thirteenth juror and determined that the evidence was sufficient to support the convictions. For those reasons, I would find that the trial court fulfilled its role as the thirteenth juror.

Regarding the ambiguity of the verdict form issue, I agree with the majority that this appears to be a case of first impression in Tennessee and thus how to properly retry the matter is without Tennessee guidance. I also find alignment with the majority's reasoning that the verdict was ambiguous, that the trial court failed to recognize the ambiguity, and that the issue was not waived for failure to poll the jury. I find, however, that the problematic verdict forms are both ambiguous and self-contradictory and as such, as the majority points out, are void and a nullity (citing *Cook v. United States*, 379 F.2d 966, 970 (5th Cir. 1967)). I agree that the jury's verdict as to each count finding Defendant both guilty of a greater charge and not guilty of a lesser charge, "prevented either one from functioning." They cannot be given full effect because these forms simultaneously assert two directly contradictory things. It is impossible to glean what the jury actually found. (citing *State v. Hansen*, 237 Ariz. 61, 68 (Ct. App. 2015); (*United States v. Randolph*, 794 F. 602, 611 (6th Cir. 2015)). Therefore, on retrial, I believe the State should be able to proceed with the four original charges set forth in the indictments.

S/Timothy L. Easter

TIMOTHY L. EASTER, JUDGE